899 P.2d 987

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard Jerome HIBBERT, Defendant–Appellant.**

No. 21638.

Court of Appeals of Idaho.

July 7, 1995.

Kent D. Jensen, Rupert, for appellant.

Alan G. Lance, Atty. Gen.; LaMont L. Anderson, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

This is a sentence review. In June of 1994, Richard Hibbert pled guilty to one count of lewd and lascivious conduct with a minor under the age of sixteen. I.C. § 18–1508. Hibbert was sentenced to a determinate life sentence. On appeal, Hibbert argues that the sentence was excessive given the facts of the case and should be vacated. We affirm.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent examination of the record, having regard for the nature of the offense, the character of the offender and the protection of public interest. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The record in this case includes a five-page "Sentencing Memorandum" prepared by the district court setting forth its rationale in reaching the imposed sentence. This memorandum, along with the transcript of the sentencing hearing, the presentence investigation (PSI) report and the psychological evaluation, provides this Court with a complete picture for review of the district court's decision.

The facts of this case show a very tragic scenario of Hibbert's long-term sexual molestation of his fourteen-year-old daughter. Apparently, whenever Hibbert became angry for any reason he would violently attack and have sexual intercourse with the victim. Although charged with lewd conduct, Hibbert's actions may also be construed as repeated, forcible rape. In Hibbert's attempt to totally control his daughter, she literally became a prisoner in her own home with no visible means of escape from the abuse. The PSI report indicates that she was kept out of school, was not allowed to have friends or use the telephone and was in a constant state of fear. Hibbert admitted he had no idea how many times the acts of sexual intercourse occurred. The district court recognized that the trauma caused to the victim in this case would be grave and would probably last throughout her life.

At the time of sentencing Hibbert was thirty-seven years old. In mitigation, he reported having been physically abused by his alcoholic father and sexually abused by a babysitter's son. Hibbert's parents divorced and as a youth he lived on the streets, travelling to various states. Although he compiled a criminal record from many states, several dispositions were unknown or were dismissals of the charges. The psychological evaluation did not specifically state that a life term was necessary because Hibbert was unrehabilitatable.

The district court, however, also found several aggravating factors in Hibbert's case in addition to the nature of the crime itself. Of his two known previous felony convictions, one was for sexual assault. During the proceedings in this case Hibbert threatened to kill his daughter, one of her friends, the prosecutor and others. Hibbert was found in possession of a homemade knife while in custody and smuggled it into the courthouse. He indicated it was meant to be used on the prosecutor. He continued to threaten to kill the victim if he was ever released. In describing himself Hibbert stated, "I am a nice guy and your worse nightmare." Hibbert claimed to be crazy, threatened to commit suicide and felt everyone was trying to "rip him off." The district court's sentencing memorandum thoroughly evaluates the nature of the offense and the character of the offender, analyzes the four objectives in imposing a criminal sentence and makes specif-

ic findings supporting the sentence imposed. These include a finding "to a high degree of certainty that, in fact, Mr. Hibbert would re-offend, including the possibility of killing his daughter."

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the judgment of conviction and sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.