939 P.2d 1372

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas Richard JACKSON,
Defendant–Appellant.**

No. 22892.

*Supreme Court of Idaho.*

April 9, 1997.

Rehearing Denied July 24, 1997.

Byington, Holloway, Whipple & Jones, Jerome, for appellant.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent.

SILAK, Justice.

This is a review of a sentence and an order denying an I.C.R. 35 motion. Thomas Richard Jackson (Jackson) pled guilty to one count of lewd and lascivious conduct with a child under sixteen, specifically, his stepdaughters. After hearing evidence, including that Jackson had been convicted in Utah of sexually molesting his biological daughters, the district court sentenced Jackson to a determinate sentence of life in prison, and denied a subsequent Rule 35 motion. Jackson appeals his sentence and the denial of his Rule 35 motion. Jackson argues that the district court abused its discretion in sentencing, and that the prosecution's alleged failure to follow the plea agreement by not affirmatively recommending retained jurisdiction amounted to fundamental error.

## I.

## FACTS AND PROCEDURE

Jackson was originally charged with two counts of lewd conduct with a minor under sixteen, Idaho Code § 18–1508. Jackson entered into a plea agreement, under which Jackson plead guilty to one charge of lewd conduct with a minor under sixteen. The State also agreed to make the following sentence recommendation:

> The State recommends the above-named defendant be sentenced to an underlying penitentiary sentence with no agreements as to the recommendation for the underlying sentence; and that the State will recommend that the Court retain jurisdiction; however, the State does not bind itself to follow the recommendations of the 180–day review report.

The charges against Jackson stemmed from several instances of lewd conduct involving Jackson and two of his stepdaughters, who were seven and nine at the time of the sentencing hearing. The abuse had been occurring for approximately two years. The first instances of abuse involved Jackson having the victims touch his penis, and escalated to the point where Jackson would have the victims sit on his penis and move back and forth. The victims were always dressed, and

there was a blanket between Jackson and the victims. In addition, there were never any instances of penetration of any type, and Jackson made no threats of violence to his victims. The only threat he made was a comment that if the girls told what he had done, he would have to leave. There is one other related charge in Jackson's record. In 1986, Jackson was convicted in Utah of sexual abuse of a child, specifically, his biological daughters. He received probation and was required to perform 20 hours of community service and undergo counseling.

After hearing testimony from Jackson's biological daughters, his stepdaughters, and his first wife; reviewing the presentence investigation materials; and listening to argument from the attorneys on both sides, the district court sentenced Jackson to a fixed term of life in prison, without a retained jurisdiction period. At the time the judgment of conviction was entered and the sentence imposed, Jackson was 48 years of age.

## II.

### STANDARD OF REVIEW

Sentencing is a matter for the trial court's discretion. Our standard of review of a sentence, as well as the factors to be considered in evaluating the reasonableness of the sentence, are well-established. We have said that "[w]here a sentence is within statutory limits, an appellant has the burden of showing a clear abuse of discretion on the part of the court imposing the sentence." *State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). In determining whether the sentencing court abused its discretion, we review all the facts and circumstances of the case. *State v. Broadhead*, 120 Idaho 141, 143, 814 P.2d 401, 403 (1991). In order to show an abuse of discretion, the defendant must show that in light of the governing criteria, the sentence was excessive, considering any view of the facts. *Id.* at 145, 814 P.2d at 405. The governing criteria, or objectives of criminal punishment are: " '(1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing.' " *Id.* (quoting *State v.*

*Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978)).

## III.

### THE DISTRICT COURT ABUSED ITS DISCRETION IN SENTENCING JACKSON TO A FIXED TERM OF LIFE IN PRISON.

■ As noted above, this Court reviews a sentence handed down by a district court for abuse of discretion. It is not often that we vacate and modify a sentence, but for the reasons discussed below, we feel compelled to do so in this case.

A fixed or determinate life sentence is a serious penalty, and should not be imposed lightly. We note with approval the language of our Court of Appeals when it stated that:

> a fixed life sentence may be deemed reasonable if the offense is so egregious that it demands an exceptionally severe measure of retribution and deterrence, or if the offender so utterly lacks rehabilitative potential that imprisonment until death is the only feasible means of protecting society. Unfortunately, in making these determinations, a judge has complete information only in regard to retribution and deterrence, ... The judge must attempt to predict the defendant's future response to rehabilitative programs and the degree of risk he might pose to society if eventually released....

*State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct.App.1988). Although it recognized the difficulty of predicting future behavior, the Court of Appeals also wisely cautioned that:

> a fixed sentence should not be regarded as a judicial hedge against uncertainty. To the contrary, a fixed life term, with its rigid preclusion of parole or good time, should be regarded as a sentence requiring a high degree of certainty—certainty that the nature of the crime demands incarceration until the perpetrator dies in prison, or certainty that the perpetrator never, at

any time in his life, could be safely released.

*Id.*

This Court and the Court of Appeals have upheld some fixed life sentences for crimes involving lewd and lascivious conduct with a minor under sixteen. In *State v. Pugsley*, 128 Idaho 168, 911 P.2d 761 (Ct.App.1995), the defendant was sentenced to three concurrent life terms for lewd conduct. The defendant was convicted of three counts of lewd conduct with his minor biological daughter, conduct which at a minimum included genital-to-genital contact. He had been previously convicted of raping his half sister, had allegedly raped another half sister, and had threatened his daughters with death if they ever told what he had done. The defendant had an extensive criminal record, including three felonies as an adult, all of which were violent crimes. *Id.* at 179–80, 911 P.2d at 762–63.

In another recent case, the Court of Appeals upheld a fixed life sentence for a man who pled guilty to one count of lewd and lascivious conduct with a minor under sixteen, as Jackson did in this case. *State v. Hibbert*, 127 Idaho 277, 899 P.2d 987 (Ct. App.1995). The defendant in *Hibbert* had repeatedly violently attacked his minor daughter and forced her to have intercourse with him. He also kept her a virtual prisoner in their home, not allowing her to have friends, use the telephone, or go to school. During the course of the proceedings, Hibbert made death threats to his daughter, a friend and the prosecutor. Therefore, the Court of Appeals upheld the sentence. *Id.* at 278–79, 899 P.2d at 988–89. *See also State v. Lewis*, 123 Idaho 336, 352–53, 848 P.2d 394, 410–11 (1993) (upholding a fixed life sentence for a defendant who had previously been convicted for a sexual offense against a minor, attempted penetration, knew at the time of the crime that he was HIV-positive and denied he committed the crime); *State v. Martinez*, 111 Idaho 281, 723 P.2d 825 (1986) (upholding fixed sentences of thirty years for rape, thirty years for lewd conduct, and fifteen years for aggravated battery, which amounted to a fixed life sentence; the victim suffered extreme physical trauma requiring surgery, and it was doubtful that she would ever make a full recovery).

▮ Although a fixed life sentence is a serious sentence, lewd and lascivious conduct with a minor under sixteen is a serious crime. The physical injures can be severe, and the mental and emotional trauma can be permanent. However, a fixed life sentence is not appropriate in every lewd and lascivious conduct case, and as illustrated above, is rendered and upheld in cases where the defendant's conduct was violent, repetitive, very cruel, or life-threatening. Phrased differently, and considering the four goals of sentencing, a fixed life sentence is appropriate if necessary to protect society, to deter the individual and the public, if rehabilitation is unlikely, or if the behavior giving rise to the crime was so egregious that a determinate life sentence is necessary for proper punishment or retribution.

In this case, Jackson admits that he molested two of his stepdaughters, and he does have a previous conviction for similar behavior with his biological daughters. However, the behavior involved in this particular case did not involve penetration of any type, nor were there any allegations of force. Further, the record indicates that although Jackson was required to participate in some form of counseling under his prior conviction, the counseling was not part of a recognized sex-offender treatment program. This becomes important because Jackson has indicated that he wishes to undergo treatment and will cooperate in every way necessary. In addition, an evaluator indicated that the proper treatment could help prevent Jackson from re-offending. It is also significant that the appellant took full responsibility for his actions, and did not blame the victims in any way. Finally, Jackson had abstained from drugs and alcohol and had worked fairly steadily throughout his adult life.

With any crime, there is a chance that the defendant will re-offend. Indeed, the evaluator in this case offered no guarantees that Jackson would not re-offend, even if he undergoes sexual offender treatment. However, as our Court of Appeals noted, a fixed life sentence should not be imposed as a hedge against uncertainty. The behavior exhibited

in this case, while reprehensible, is not so egregious that Jackson should die in prison.

For the reasons discussed above, and after conducting our own careful review of the record in this case, we hold that a fixed term of life in prison is excessive in this case. Considering the four goals of sentencing, we note that although society does need to be protected from sex offenders, and Jackson and the public must be deterred from such behavior, a fixed term of life in prison is not necessary to accomplish those goals. Further, Jackson has indicated that he wants to undergo treatment, has shown a desire to change his behavior and exhibits a possibility for rehabilitation. Finally, while Jackson deserves to be punished for his behavior, a fixed life term in prison is not necessary or justified in this case.

Therefore, Jackson's sentence is hereby modified to an indeterminate life sentence with a fixed term of fifteen years in prison. When fifteen years have passed, the earliest time that Jackson would be eligible for parole, the youngest victim in this case will be over 21 years of age. Thus, the victims in this case will both be adults.

As to the issue of the breach of the plea agreement, although it was raised as an issue in his opening brief, Jackson subsequently withdrew this issue in his brief on his Motion to Reconsider Denial of Appellant's Motion to Augment the Issues on Appeal. Accordingly, we do not reach this issue.

## IV.

## CONCLUSION

In light of all the facts in this case, and considering the four goals of sentencing, we hold that Jackson has met his burden of showing that the district court abused its discretion in sentencing him to a fixed life sentence. We therefore modify the sentence to an indeterminate life sentence with a fifteen year fixed period of incarceration.

JOHNSON, McDEVITT and SCHROEDER, JJ., concur.

Chief Justice TROUT, dissenting from the Court's opinion.

I write only to indicate that I believe that the trial court is in the best position to make the determination of the appropriate sentence. Where the record reflects that the sentencing judge carefully considered the evidence and statements presented to him and the four goals of sentencing, this Court should set aside the sentence only where reasonable minds could not differ as to the excessiveness of the sentence. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991) (quoting *State v. Small*, 107 Idaho 504, 505, 690 P.2d 1336, 1337 (1984), *overruled in part on other grounds by State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992)). This Court should not substitute its judgment for that of the sentencing judge where reasonable minds could differ as to whether the sentence is necessary to achieve the four goals of sentencing. *Id.*, 120 Idaho at 145, 814 P.2d at 405 (quoting *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982)). The record here reflects that the trial judge carefully considered the heinous nature of the offense, the devastating impact on the victims, and the fact that Jackson had previously been convicted of this offense, as well as society's need to be protected from this type of predator. I find no abuse of discretion and, thus, must respectfully dissent.