978 P.2d 227

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Oscar Ronald CROSS, Defendant–Appellant.**

No. 23593.

Supreme Court of Idaho,
Boise, November 1998 Term.

April 29, 1999.

George P. Essma, Chtd., Twin Falls, for appellant. George P. Essma argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

TROUT, Chief Justice.

A jury convicted Oscar R. Cross (Cross) on two counts of Lewd and Lascivious Conduct with a Minor under Sixteen, one count of Sexual Battery on a Minor Child Sixteen or Seventeen Years of Age, and one count of Sexual Abuse of a Child under the Age of Sixteen. The trial court sentenced Cross to life in prison without the possibility of parole. Cross brings this appeal arguing that the trial court erred by (1) allowing the jury to hear preliminary hearing testimony of a witness not present at trial, (2) admitting evidence of Cross' prior bad acts, and (3) imposing an excessive sentence.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The jury convicted Cross for twice having sexual intercourse with his minor daughter, B.C. and for soliciting B.C. and her minor boyfriend, J.R., to have sexual intercourse as he watched. These events occurred over a two day period between May 23 and May 24, 1995, when B.C. was fifteen and J.R. was sixteen.

Cross was first charged shortly after these incidents. J.R. testified at Cross' initial preliminary hearing held June 8, 1995. For reasons not found in the record, the state dismissed the initial case. Subsequently, the prosecution filed a second criminal complaint on January 8, 1996. Some time prior to trial, J.R. moved out of state. The prosecution sent J.R. a subpoena requesting him to testify at trial, the receipt of which was acknowledged by J.R.; however, he failed to appear at trial. Disclosing J.R.'s absence midway through trial, the State filed a motion in limine seeking to introduce J.R.'s preliminary hearing testimony. Over Cross' objection, the trial court granted the motion and allowed the prosecution to present a recording of J.R.'s preliminary hearing testimony for the jury.

B.C. testified extensively at Cross' trial. On direct examination she testified as to the events that led to the charges. Specifically, she described the two occasions when Cross had sexual intercourse with her and the evening when Cross convinced her and J.R. to have intercourse. Over an objection, the trial court allowed the prosecution on redirect to question B.C. about prior, uncharged misconduct involving Cross. B.C. testified that Cross had been sexually abusing her for a

year and a half prior to the events in question.

A jury convicted Cross. Before sentencing, the trial court ordered a psychological examination of Cross. On December 10, 1996, the trial court sentenced Cross to life in prison without the possibility of parole for each count of Lewd Conduct with a Minor. The trial court also sentenced Cross to ten years each for Sexual Battery of a Child and Sexual Abuse of a Minor. All sentences run concurrently.

## II.

## DISCUSSION

### A. Preliminary Hearing Testimony

■ Cross argues that the trial court erred in admitting the J.R.'s preliminary hearing testimony. When objecting to the admission of the preliminary hearing testimony below, Cross did not set forth a specific basis for his objection as required by I.R.E. 103(a)(1) [1]. Nonetheless, Cross' objection appears to be based upon I.C. § 9–336.[2] Cross argued that (1) the state failed to establish that J.R. was unavailable to testify at trial, (2) that J.R.'s preliminary hearing testimony was not more probative than other evidence presented at trial, and (3) that he did not have a full and fair opportunity to cross-examine J.R. at the preliminary hearing. Idaho Code § 9–336 provides:

> Before admitting into evidence recorded testimony from a preliminary hearing, the court must find that the testimony offered is:

1. Unless the precise basis for an objection is apparent from the context, to preserve an error for appeal, a party seeking to exclude evidence must object "stating the specific ground." I.R.E. 103(a)(1).

2. Idaho Rules of Evidence 804(b)(1) could also have provided a basis for Cross' objection. Rule 804(b)(1) allows a party, over a hearsay objection, to present prior sworn testimony of an unavailable witness. The testimony must have been given in the same or different court proceeding, and the party against whom the testimony is being offered must have had "an opportunity and similar motive to develop the testimony." I.R.E. 804(b)(1). Rule 804(b)(1) is comparable

1. Offered as evidence of a material fact and that the testimony is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

2. That the witness is, after diligent and good faith attempts to locate, unavailable for the hearing; and

3. That at the preliminary hearing, the party against whom the admission of the testimony is sought had an adequate opportunity to prepare and cross-examine the proffered testimony.

I.C. § 9–336. To determine the admissibility of preliminary hearing testimony under I.C. § 9–336, a trial court must make factual findings as to the three requirements. Unless clearly erroneous, this Court will not disturb those findings. *See State v. Ricks,* 122 Idaho 856, 863, 840 P.2d 400, 407 (Ct.App.1992).

■ Because the prosecution waited until midway through the trial to announce that it was having problems finding J.R., Cross argues that the trial court erred when finding J.R. unavailable. Before admitting preliminary hearing testimony, a court must find the witness unavailable after "diligent and good faith efforts to locate." I.C. § 9–336(2). The record reflects that the prosecution found and mailed a subpoena to J.R. in California pursuant to I.C. § 19–3007A and that J.R. acknowledged receipt. The prosecution then lost contact with J.R. and after repeated attempts was unable to obtain his presence for trial. Given the fact that J.R. was known to be in California, the State should have used the procedure set forth in I.C. § 19–3005(2) [3] when attempting to secure his at-

to I.C. § 9–336 except for its additional requirement of "similar motive." Cross did not make a specific hearsay objection in the proceedings below, nor did he provide direct argument as to motive. Consequently, on this issue this Court's opinion is limited to Cross' objection under I.C. § 9–336.

3. Idaho Code § 19–3005(2) provides:
If a person in any state, which by its laws has made provisions for commanding persons within its borders to attend and testify in criminal hearings or prosecutions in this state, is a material witness in a hearing or prosecution pending in a court of record in this state, a judge of such court may issue a certificate

tendance. Because the State made no such effort and chose, instead, to rely on merely mailing the subpoena, the State failed to use diligent and good faith efforts to locate J.R. and secure his presence at trial. Consequently, the trial court's finding of unavailability was clearly erroneous, and the court erred in admitting J.R.'s preliminary hearing testimony.

▋ The next question we must answer is whether this error requires reversal. Idaho Criminal Rule 52 provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." I.C.R. 52. To determine whether the error affected Cross' substantial rights or was harmless, we ask whether it appears, beyond a reasonable doubt, that there was no reasonable possibility that the error contributed to his conviction. *See State v. Roy,* 127 Idaho 228, 231, 899 P.2d 441, 444 (1995).

▋ Cross was convicted on two counts of Lewd and Lascivious Conduct and one count of Sexual Battery on a Minor. The relevant portion of J.R.'s preliminary hearing testimony related only to events giving rise to the Sexual Battery charge. At trial, B.C. provided a nearly identical account of those events in which she, indeed, participated. Cross even argues on appeal that the trial court should have excluded the testimony as needlessly cumulative under I.R.E. 403. In light of the limited scope of J.R.'s testimony and the strength of B.C.'s, we find the error harmless.

## B. Prior Uncharged Misconduct

Cross argues that the trial court erred in admitting evidence of his prior uncharged misconduct. Specifically, the trial court allowed B.C. to testify that Cross had been sexually abusing her for more than a year prior to his arrest. B.C. also read from a written statement that included the following:

> My dad has been having sexual intercourse with me for 1½ years and ever since I was

under the seal of the court stating these facts and specifying the number of days the witness will be required at such hearing or prosecution. This certificate shall be presented to a

14 yrs old I am 15½ now It started when we were living in Oregon in Juntura and it also happened in McGill NV. and he made me have oral sex with him in Bliss.

The trial court reasoned that because Cross attacked B.C.'s credibility, calling into question her inability to remember specific dates and times of the charged conduct, evidence of Cross' prior, uncharged misconduct was admissible under I.R.E. 404(b). The testimony was relevant to corroborate B.C.'s account and to explain why she could not remember specific dates and times. The trial court also found the testimony relevant to prove intent, motive, opportunity, and common plan or scheme.

▋ To determine the admissibility of evidence of prior uncharged misconduct, a trial court must engage in a two-tiered analysis, inquiring (1) whether the evidence is relevant to an issue other than character, guilt, or propensity, and (2) whether under I.R.E. 403 the probative value of that evidence is substantially outweighed by the danger of unfair prejudice to the defendant. *State v. Moore,* 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991). This Court exercises free review over a trial court's determination of the testimony's relevance because relevancy is neither a factual issue nor a matter of judicial discretion. *See State v. Raudebaugh,* 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). The determination of whether the risk of unfair prejudice substantially outweighs the probative value of the evidence is within the discretion of the trial court. *State v. Porter,* 130 Idaho 772, 784, 948 P.2d 127, 139 (1997). Consequently, this Court reviews a trial court's I.R.E. 403 determination under the three-step abuse of discretion standard set forth above.

This Court has found that corroborating evidence is especially relevant in sex crime cases involving minor victims. *See, e.g., State v. Moore,* 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991); *State v. Tolman,* 121 Idaho 899, 904, 828 P.2d 1304, 1309 (1992). By the nature of the crime charged, there are

judge of a court of record in the county in which the witness is found.
I.C. § 19–3005(2).

usually only two witnesses, the alleged victim and the defendant. Consequently, often "the determination of the case rests strictly upon establishing that the victim's testimony is more credible than that of the alleged perpetrator." *Moore*, 120 Idaho at 746, 819 P.2d at 1146.

Here, evidence of Cross' history of sexually abusing B.C. is relevant to B.C.'s credibility. Cross called B.C.'s credibility into question on cross-examination by criticizing her inability to remember specific times and dates relating to the charged conduct. Cross inferred B.C. would have a better memory of the events if the conduct charged actually occurred. Evidence suggesting that sexual abuse was commonplace in Cross' relationship with B.C. tends to explain why B.C.'s memory concerning two specific events was not as clear as if Cross had only molested her twice. Consequently, B.C.'s testimony is relevant to explain why she could not clearly remember the events. The testimony also appears relevant to prove motive, opportunity, intent, and common plan or scheme.

While the testimony of Cross' prior bad acts is relevant, there was still a risk of unfair prejudice. A jury could possibly use the evidence to infer that because Cross abused his daughter in the past, it is likely he committed the specific acts charged. Rule 403 provides that a court may exclude otherwise relevant evidence where the risk of unfair prejudice substantially outweighs the probative value. That decision is within the discretion of the trial court. Relying on this Court's reasoning in *Tolman* and *Moore*, the trial court implicitly found B.C.'s testimony to be more probative than prejudicial.

Nothing in the record indicates that the trial court abused its discretion. In making its ruling, the trial court questioned Cross' counsel as to the prejudicial impact of the testimony. Counsel for Cross responded the testimony is prejudicial because it informs the jury that Cross had been abusing B.C. for over a year prior to the charged conduct. While not clear, this appears to be a propensity argument. Nevertheless, the trial court

found "right, wrong or indifferent" the probative value as to the B.C.'s credibility outweighed any prejudicial impact, thus, suggesting that the trial court viewed the issue as discretionary. By following this Court's decisions in *Moore* and *Tolman,* the trial court acted within the boundaries of its discretion and reached its decision through an exercise of reason.

## C. Sentencing

Cross argues that the trial court imposed an excessive sentence. Sentencing is a matter for the trial court's discretion. This Court's standard of review of a sentence is well established. So long as the sentence is within the statutory limits, the appellant must show that the trial court, when imposing the sentence, clearly abused its discretion. Where reasonable minds could differ whether a sentence is excessive, this Court will not disturb the decision of the sentencing court. This Court will set aside the sentence only where reasonable minds could not differ as to the excessiveness of the sentence. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991). To determine whether the trial court abused its discretion, this Court reviews "all of the facts and circumstances of the case."*Id.* To prevail, the appellant must establish that, under any reasonable view of the facts, the sentence was excessive considering the objectives of criminal punishment. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). Those objectives are "(1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing." *Id.*

When imposing the fixed life sentence, the trial court considered the objectives of criminal punishment. The court also looked at the nature of Cross' offenses, Cross' pre-sentence psychological evaluation and report, and Cross' past criminal history which included sexual abuse of a minor. The trial court found the likelihood of rehabilitation to be minimal noting that Cross is a

multiple offender who denies any wrongdoing. Cross stated that he would "go to the grave denying the charges." Additionally, the trial court mentioned Cross' potential for violence, noting that he "gets even."

This Court and the Court of Appeals have reviewed a number of cases where a trial court imposed a fixed-life or similarly harsh sentence for Lewd and Lascivious convictions. *See State v. Jackson*, 130 Idaho 293, 939 P.2d 1372 (1997); *State v. Pugsley*, 128 Idaho 168, 911 P.2d. 761 (Ct.App.1995); *State v. Hibbert*, 127 Idaho 277, 899 P.2d 987 (Ct. App.1995); *State v. Lewis*, 123 Idaho 336, 848 P.2d 394 (1993); *State v. Martinez*, 111 Idaho 281, 723 P.2d 825 (1986). This Court noted that although lewd and lascivious conduct with a minor less than sixteen is a serious crime, a fixed-life sentence is a serious penalty and should not be imposed lightly. *Jackson*, 130 Idaho at 294–95, 939 P.2d at 1373–74. While a court can never be certain that a sex offender will never re-offend, this Court noted that "a fixed sentence should not be regarded as a judicial hedge against uncertainty." *Id.* (quoting *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct.App. 1988)). Rather, such a sentence requires a high degree of certainty that the perpetrator could never be safely released back into society or that the nature of the offense requires that the individual spend the rest of his life behind bars. *Id.* However, in other lewd and lascivious cases, this Court and the Court of Appeals have upheld fixed-life sentences where the "defendant's conduct was violent, repetitive, very cruel, or life threatening." *Id.*

In *Jackson*, this Court modified a fixed-life sentence to an indeterminate life sentence with a fixed minimum term. *Id.* at 296, 939 P.2d at 1375. Jackson was convicted on one count of Lewd and Lascivious Conduct with a Minor under Sixteen. Jackson admitted he had molested his two step daughters. His crime did not involve sexual penetration, and there were no allegations of force. Jackson also indicated a desire to participate in a treatment program for sex offenders. Further, Jackson took full responsibility for his

actions and "did not blame the victims in any way." *Id.* at 295, 939 P.2d at 1374.

This case is easily distinguished from *Jackson*. Cross shows no remorse, blaming the entire incident on his victims. Even after his conviction, Cross contends that B.C. and J.R. fabricated the allegations, so they could get married. Cross' crimes involved intercourse with his minor daughter. He repeatedly molested B.C. for over a year. The record suggests that Cross was violent, throwing a chair at B.C. when she confronted him about his conduct. Cross also stated that, when attacked, he "gets even." Under a reasonable view of all facts and circumstances of the case, the sentence does not appear excessive in light of the objectives of criminal punishment. Consequently, the trial court did not abuse its discretion when imposing a fixed-life sentence.

## III.

## CONCLUSION

For the reasons stated above, the trial court did not properly admit J.R.'s preliminary hearing testimony. However, the error was harmless. B.C.'s testimony concerning Cross' prior bad acts was properly admitted. Furthermore, the trial court did not abuse its discretion when imposing a fixed-life sentence. Accordingly, this Court affirms Cross' sentence and judgment of conviction.

Justices SILAK, SCHROEDER, WALTERS and Justice Pro tem JOHNSON, CONCUR.