**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 40088**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 372 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 19, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RICHARD J. HIBBERT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct illegal sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jordan E. Taylor, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

In 1994, Richard J. Hibbert pled guilty to lewd and lascivious conduct with a minor child under sixteen. Idaho Code § 18-1508. The district court sentenced Hibbert to a fixed life sentence. Hibbert appealed, and this Court affirmed his judgment of conviction and sentence. *State v. Hibbert*, 127 Idaho 277, 899 P.2d 987 (Ct. App. 1995). Approximately seventeen years later, Hibbert filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, arguing the sentence was imposed in an illegal manner or the sentence itself is illegal. The district court denied the motion, finding the motion was untimely and frivolous. Hibbert appeals.

Pursuant to Idaho Criminal Rule 35(b), a district court may correct a sentence that was imposed in an illegal manner within 120 days after the filing of the judgment of conviction. To

1

the extent Hibbert's motion seeks relief from a sentence imposed in an illegal manner, it is untimely. Hibbert's motion was filed over seventeen years after the judgment of conviction was entered. Therefore, the district court was without jurisdiction to grant relief on this basis. *See State v. Sutton*, 113 Idaho 832, 748 P.2d 416 (Ct. App. 1987).

The court may correct a sentence that is illegal from the face of the record at any time. I.C.R. 35(a); *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). The legality of a sentence is a question of law over which we exercise free review. *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003); *State v. Josephson*, 124 ldaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993). An illegal sentence under Rule 35(a) is one in excess of a statutory provision or otherwise contrary to applicable law. *Alsanea*, 138 Idaho at 745, 69 P.3d at 165. In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Having reviewed the record in this case, we conclude Hibbert has failed to show his sentence is illegal. His sentence does not exceed the statutory maximum for lewd and lascivious conduct with a minor child under sixteen and is not otherwise contrary to applicable law. Accordingly, the district court's order denying Hibbert's Rule 35 motion is affirmed.