IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46419

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 4, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| RICHARD J. HIBBERT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael P. Tribe, District Judge.

Order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

PER CURIAM

In June 1994, Hibbert pled guilty to one count of lewd conduct with a minor child under the age of sixteen, Idaho Code § 18-1508. Hibbert was sentenced to a determinate life sentence without the possibility of parole, which sentence Hibbert appealed as excessive. This Court affirmed Hibbert's conviction and sentence in *State v. Hibbert*, 127 Idaho 277, 899 P.2d 987 (Ct. App. 1995). In concluding Hibbert's sentence was not excessive, the Court noted "Hibbert's long-term sexual molestation of his fourteen-year-old daughter" and "several aggravating factors," including (among other facts) that Hibbert's "actions may also be construed as repeated, forcible rape"; he threatened to kill his victim and numerous other people; he smuggled a

1

homemade knife into the courthouse; and there was "high degree of certainty that [he would] re-offend." *Id.* at 278-79, 899 P.2d 988-99.

In 2012, Hibbert filed a motion under Idaho Criminal Rule 35 challenging his sentence. The district court denied this motion, and this Court again affirmed Hibbert's sentence. *See State v. Hibbert*, Docket No. 40088 (Ct. App. Feb. 19, 2013) (unpublished). The Court concluded Hibbert's motion under Rule 35(b) was untimely because he filed it more than 120 days (and over seventeen years) after the entry of the judgment of conviction. Further, the Court concluded Hibbert's motion failed under Rule 35(a) because the sentence does not exceed the statutory maximum and is not otherwise contrary to applicable law.

In 2015, Hibbert filed a second Rule 35 motion for correction of an illegal sentence, which the district court denied, but Hibbert did not appeal. Then, Hibbert filed a third Rule 35 motion, arguing his determinate life sentence is illegal on its face because it conflicted with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied this motion, and this Court affirmed Hibbert's sentence a third time. *State v. Hibbert*, Docket No. 44069 (Ct. App. Sept. 13, 2016) (unpublished). The Court noted the doctrine of res judicata barred Hibbert's third motion, but nonetheless, it addressed the merits of Hibbert's motion, ruling that *Apprendi* did not have an impact on Idaho's sentencing scheme and that a determinate life sentence for a lewd conduct conviction is legal.

In 2018, Hibbert filed a fourth Rule 35 motion, which is the subject of this appeal. Although Hibbert appears to have filed this fourth motion only under Rule 35(b), the district court construed the motion under both Rule 35(a) and (b) and denied the motion under both subsections, ruling:

> The sentence in [Hibbert's] original Judgment of Conviction is the maximum allowed by law; therefore, [Hibbert's] sentence is legal from the face of the record. . . . Further, [Hibbert] has not provided the Court with any new or additional information to support his motion. In the absence of such information, there is no basis for concluding that [Hibbert's] sentence is excessive or unduly harsh.

Hibbert appeals this denial.

Under Rule 35(a), the district court "may correct a sentence that is illegal from the face of the record at any time." Rule 35(a), however, is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35(a) should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). The

term "illegal sentence" under Rule 35(a) is narrowly interpreted as a sentence which is illegal from the face of the record; i.e., it does not involve significant questions of fact or require an evidentiary hearing. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). Rule 35(a)'s purpose is to allow courts to correct illegal sentences, not to reexamine errors occurring at trial or before the imposition of the sentence. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). Therefore, Rule 35(a) "only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law." *Clements*, 148 Idaho at 86, 218 P.3d at 1147. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

A motion under Rule 35(b) must be filed "[w]ithin 120 days of the entry of the judgment imposing sentence." Further, "[a] defendant may only file *one* motion under Rule 35(b) seeking a reduction of sentence." *Id.* (emphasis added). A motion for reduction of sentence under Rule 35(b) is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35(b) motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Huffman*, 144 Idaho at 203, 159 P.3d at 840. In conducting our review of the denial of a Rule 35(b) motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987). A denial of a Rule 35(b) motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994).

Apparent from the face of Hibbert's motion is that he brought it under Rule 35(b). Hibbert's Rule 35(b) motion fails for numerous, alternative reasons. First, Hibbert filed his motion more than 120 days after the entry of the judgment imposing his sentence. Second, Hibbert has already previously filed his one Rule 35(b) motion in 2012. Third, Hibbert failed to offer new or additional information in support of his motion.

3

Likewise, even construing Hibbert's motion under Rule 35(a) as the district court did, Hibbert's Rule 35 motion still fails. Hibbert's sentence is the maximum allowed by the law, and therefore, it is legal from the face of the record. Moreover, this Court has already rejected Hibbert's legal arguments, and thus his motion under Rule 35(a) is barred by the doctrine of res judicata. *See, e.g.*, *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000) (holding "the doctrine of res judicata can be applied to bar a subsequent Rule 35 motion after a defendant has failed to appeal an earlier motion based on the same grounds"). For the foregoing reasons, we affirm the district court's denial of Hibbert's Rule 35 motion.