**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50599**

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 27, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHEAL PAUL HARTWELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment of conviction and consecutive, unified sentences of twenty-five years, with minimum periods of confinement of ten years, for two counts of sexual abuse of a child under sixteen years of age, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Law Office of Jeffrey Brownson; Jeffrey Brownson, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Micheal Paul Hartwell appeals from his judgment of conviction and consecutive, unified sentences of twenty-five years, with minimum periods of confinement of ten years, for two counts of sexual abuse of a child under sixteen years of age and an order denying his I.C.R. 35 motion for reduction of his sentences. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Hartwell with one count of lewd conduct with a minor under sixteen, and four counts of sexual abuse of a child under the age of sixteen. Hartwell pled guilty to two counts of sexual abuse of a child under the age of sixteen. I.C. § 18-1506. In exchange for his guilty pleas, the State agreed to dismiss the remaining charges. At sentencing, Hartwell asked the

1

district court to suspend any confinement and order probation. The district court sentenced Hartwell to consecutive, unified terms of twenty-five years, with minimum periods of confinement of ten years. Hartwell filed a Rule 35 motion, which the district denied. Hartwell appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Hartwell argues that the district court abused its discretion by overstating the scope and nature of his criminal conduct, sentencing as a "hedge against uncertainty," and exceeding what was necessary to accomplish sentencing goals. Hartwell further argues that denying his Rule 35 motion by failing to apply the proper legal standard or exercise reason was an abuse of discretion. The State responds that the district court did not abuse its discretion in sentencing and properly denied Hartwell's Rule 35 motion. We hold that Hartwell has failed to establish the district court abused its sentencing discretion.

### A.      Sentence Review

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh

sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The district court found that Hartwell sexually abused his daughters two to three times on a nearly weekly basis, starting when they were as young as eight or nine, and continuing until they were approximately fourteen. The district court noted Hartwell's abuse against his daughters began when he was forty-four or forty-five and lasted until he was sixty; in his mid-twenties, Hartwell engaged in a "dating relationship" with a fourteen-year-old; and, in his early thirties, Hartwell tried to "have sex with an unknown fourteen-year-old." The district court found that Hartwell had abused at least four girls between the ages of eight and fourteen, including his daughters and his then-girlfriend's daughter, over the course of his adult life and that he was "clearly sexually attracted to prepubescent females."

On appeal, Hartwell contends that the district court erred by overstating the timeframe and scope of his criminal conduct. Hartwell argues that the district court's finding that he tried to "have sex with an unknown fourteen-year-old" was erroneous because Hartwell never attempted to "have sex" but, instead, attempted to "fondle the victim's breasts and vagina." Hartwell also argues that the district court's finding that he abused his two daughters on a "weekly basis" was erroneous because the abuse occurred on a "nearly weekly basis" and not a "weekly basis." Additionally, Hartwell argues that the district court's finding that his criminal conduct occurred over a period of forty years was erroneous because there was "no evidence" that the relationship Hartwell had with a minor while Hartwell was in his twenties (the starting point for the district court's calculations) involved "illegal sexual contact," and so his criminal conduct only lasted "thirty years." Factual findings that are supported by substantial and competent evidence are not clearly erroneous and will not be overturned on appeal. *State v. Bishop*, 146 Idaho 804, 810, 203 P.3d 1203, 1209 (2009); *see also State v. Ish*, 166 Idaho 492, 501, 461 P.3d 774, 783 (2020). *State v. Henage*, 143 Idaho 665, 659, 152 P.3d 16, 20 (2007). Substantial and competent evidence is

relevant evidence that a reasonable mind might accept to support a conclusion. *State v. Hess*, 166 Idaho 707, 710, 462 P.3d 1171, 1174 (2020). The district court's factual findings are supported by substantial and competent evidence in the record; thus, Hartwell has failed to show the district court's factual findings are clearly erroneous.

Hartwell further contends that his sentences are "greater than necessary to accomplish the goals of sentencing." A sentence need not serve all the sentencing goals or weigh each one equally. *State v. Dushkin*, 124 Idaho 185, 186, 857 P.2d 663, 665 (Ct. App. 1993). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 873 P.2d 877 (1994); *State v. Pederson*, 124 Idaho 179, 857 P.2d 658 (Ct. App. 1993). This Court has considered factors that weigh in favor of leniency, most notably the defendant's expression of remorse for his or her conduct, recognition of his or her problem, a willingness to accept treatment, and other positive attributes of his or her character. *Biggs*, 168 Idaho at 116, 480 P.3d at 154. During the sentencing hearing, the district court explained the legal and factual background for imposing the sentences, including discussing the *Toohill* factors; Hartwell's extensive period of deviant conduct; his character; the presentence investigation report; and the psychosexual examination (PSE). After independently examining the record, Hartwell has failed to show that his sentences are excessive.

Finally, Hartwell contends that his sentences reflect a "judicial hedge against uncertainty," citing *State v. Jackson*, 130 Idaho 293, 939 P.2d 1372 (1997) and asserts the "heightened sentence scrutiny" articulated in *State v. Cross*, 132 Idaho 667, 978 P.2d 227 (1999) applies. In *Jackson*, the Court acknowledged that, as with any crime, there is a chance at re-offending. However, the Court held that a fixed life sentence should not be imposed as a judicial hedge against uncertainty. *Jackson*, 130 Idaho at 295, 939 P.2d at 1374. In *Cross*, the Court reasoned that a fixed life sentence requires a high degree of certainty that the perpetrator could never safely be released back into society or that the nature of the offense requires life in prison. *Cross*, 132 Idaho at 672, 978 P.2d at 232. *Cross* and *Jackson* both involve fixed life sentences, making them distinguishable from this case. Hartwell has not cited any authority which suggests a sentence transforms into a fixed life sentence if the sentence is likely to exceed the anticipated or speculative lifetime of the

4

defendant. Because the sentences imposed in this case are not fixed life sentences, the standards articulated in *Cross* and *Jackson* are not applicable.

Finally, to the extent Hartwell asks this Court to engage in comparative sentencing, we decline to do so. It is well-settled that not every offense in a similar category calls for identical punishment. Sentences may vary between offenders based on a number of considerations that relate to the objectives of sentencing. *See State v. McFarland*, 130 Idaho 358, 364, 941 P.2d 330, 336 (Ct. App. 1997). Hartwell has failed to show his sentences are based on clearly erroneous factual findings or are excessive.

## B. Rule 35

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

In his Rule 35 motion, Hartwell argued that the PSE inaccurately assessed him as a moderate risk to reoffend, that the sentences are contrary to the wishes of one of the victims, and that the sentences imposed are outliers when compared with similar cases. In support of the motion, Hartwell highlighted his age (sixty-two years old at the time of sentencing), his remorse, his participation in treatment, and his lack of a criminal record. He also submitted two documents from one of his victims in this case. The district court found that the PSE played a limited role in its decision-making and that the PSE alone would not result in the sentences being modified. The district court also found that the additional information provided was unpersuasive given the presence of other victims who had not shared their "thoughts and desires regarding sentencing." Finally, the district court explained the rationale for its sentencing decision, finding that all sentencing objectives support the sentences imposed.

On appeal, Hartwell argues that the district court abused its discretion when denying the motion because it did not apply the correct legal standard or exercise reason in denying the motion. Hartwell argues that the standard for fixed life sentences articulated in *Cross* applies because his sentences are "effective life sentences." For the reasons discussed above, *Cross* is not applicable to this case. Upon review of the record, including any new information submitted with Hartwell's Rule 35 motion, we conclude that Hartwell has failed to show the district court abused its discretion in denying his motion.

## IV.

## CONCLUSION

Hartwell failed to show the district court abused its sentencing discretion or abused its discretion in denying his Rule 35 motion. Therefore, Hartwell's judgment of conviction and the order denying his Rule 35 motion for reconsideration of sentences are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.