## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51445

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed:  August 12, 2025** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| RUBEN DANIEL DIAZ, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jonathan Medema, District Judge.

Judgment of conviction and determinate life sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Ruben Daniel Diaz was found guilty of aggravated battery, Idaho Code §§ 18-903(a), -907, enhanced by the use of a deadly weapon, I.C. § 19-2520, and being a persistent violator, I.C. § 19-2514[1].  The district court imposed a determinate life sentence.  Diaz appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

_____

[1]     Diaz was also found guilty of misdemeanor resisting and/or obstructing an officer, Idaho Code § 18-705; that conviction is not at issue in this appeal.

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

"To impose a fixed life sentence 'requires a high degree of certainty that the perpetrator could never be safely released back into society *or that the nature of the offense requires that the individual spend the rest of his life behind bars.*'" *State v. Windom*, 150 Idaho 873, 876, 253 P.3d 310, 313 (2011) (quoting *State v. Cross*, 132 Idaho 667, 672, 978 P.2d 227, 232 (1999)). In *State v. Jackson*, 130 Idaho 293, 294, 939 P.2d 1372, 1373 (1997), the Idaho Supreme Court quoted the following language from this Court with its approval: "a fixed life sentence may be deemed reasonable if the offense is so egregious that it demands an exceptionally severe measure of retribution and deterrence." (quoting *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct. App. 1988)).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Diaz's judgment of conviction and sentence are affirmed.

2