# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52746

| | |
|---|---|
| STATE OF IDAHO,<br><br>       Plaintiff-Respondent,<br><br>v.<br><br>GREGORIO AYON ANDRADE,<br><br>       Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed:  February 23, 2026**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Patrick J. Miller, District Judge.

Judgment of conviction and concurrent determinate term of life for felony sexual battery of a minor child sixteen or seventeen years of age and consecutive determinate terms of ten years for six counts of felony sexual exploitation of a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Gregorio Ayon Andrade pled guilty to felony sexual battery of a minor child sixteen or seventeen years of age (Idaho Code § 18-1508A) and six counts of felony sexual exploitation of a child (I.C. § 1507(2)(b)).  In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator.  The district court sentenced Andrade to a determinate term of life for felony sexual battery of a minor child sixteen or seventeen years of

age and determinate terms of ten years for each count of felony sexual exploitation of a child.[1] Andrade filed an Idaho Criminal Rule 35 motion, which the district court denied. Andrade appeals, arguing that his sentence is excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

"To impose a fixed life sentence 'requires a high degree of certainty that the perpetrator could never be safely released back into society *or that the nature of the offense requires that the individual spend the rest of his life behind bars.*'" *State v. Windom*, 150 Idaho 873, 876, 253 P.3d 310, 313 (2011) (quoting *State v. Cross*, 132 Idaho 667, 672, 978 P.2d 227, 232 (1999)). In *State v. Jackson*, 130 Idaho 293, 294, 939 P.2d 1372, 1373 (1997), the Idaho Supreme Court quoted the following language from this Court with its approval: "a fixed life sentence may be deemed reasonable if the offense is so egregious that it demands an exceptionally severe measure of retribution and deterrence." (quoting *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct. App. 1988)). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Andrade's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State*

---

[1] The sentence for felony sexual battery of a minor child sixteen or seventeen years of age was ordered to run concurrently with the six counts of felony sexual exploitation of a child and with any other sentence(s) imposed. The sentences for each count of felony sexual exploitation of a child were ordered to run consecutively to each other.

*v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Andrade's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Andrade's judgment of conviction and sentences, and the district court's order denying Andrade's Rule 35 motion, are affirmed.