565 P.2d 989

STATE of Idaho, Plaintiff-Respondent,

v.

Dale Eugene LAWRENCE, Defendant-Appellant.

No. 12249.

Supreme Court of Idaho.

June 23, 1977.

**400**

William F. Gigray, III, Gigray, Miller, Downen & Weston, Caldwell, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., H. Thomas Vanderford, Asst. Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

On August 30, 1974, the defendant appellant Dale Eugene Lawrence pleaded guilty in the Third Judicial District Court in Canyon County to the forgery of a twenty dollar check. At that time the court accepted his plea, but postponed entering judgment and sentencing in order for the defendant to voluntarily commit himself to State Hospital North for alcohol treatment. Approximately a year later, on August 20, 1975, in the Sixth Judicial District Court in Bannock County, the defendant pleaded guilty to rape. At that time the court accepted his plea, entered judgment and sentenced the defendant to the Idaho State Penitentiary for an indeterminate term not to exceed twelve years. *See State v. Lawrence,* 97 Idaho 775, 554 P.2d 953 (1976). While serving his sentence for rape, the defendant appeared again in the Third Judicial District Court on April 9, 1976, for sentencing on the forgery charge. The court adjudged the defendant guilty of forgery and sentenced him to five years in the Idaho State Penitentiary, the sentence to run consecutively to the sentence for rape. The defendant appeals from the imposition of the consecutive sentence for forgery.

The defendant bases his argument on I.C. § 18–308, as amended in 1972, which reads:

"18–308. *Successive terms of imprisonment.*—When any person is convicted of two (2) or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, in the discretion of the court, may commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

The defendant argues that he stood convicted of forgery on August 30, 1974, when his guilty plea was accepted by the Third Judicial District Court and that he stood convicted of rape on August 20, 1975, and *State v. Chauncey,* 97 Idaho 756, 554 P.2d 934 (1976), so holds. Therefore, the defendant argues that the rape conviction was the second conviction provided for in I.C. § 18–308, and therefore the district court lacked authority to impose the consecutive sentence on the first conviction (forgery).

The argument of the defendant is based upon the assumption that the statute prohibits all consecutive sentences except those specifically set out in the statute as being within the court's discretion. However, a view of the statute, in its historical setting, indicates otherwise.

At common law the courts had discretionary power to impose a consecutive sentence and permissive legislation was not necessary. *State v. Crouch,* 75 N.M. 533, 407 P.2d 671 (N.M.1965); *State v. Jones,* 250 Or. 59, 440 P.2d 371 (1968). Both parties acknowledged this proposition. In Idaho the common law is the rule of decision in cases not otherwise provided for by statute. I.C. § 73–116. Unless the legislature intended I.C. § 18–308 to abrogate entirely the common law rule pertaining to consecutive sentences and prohibit the court from imposing consecutive sentences except in the narrow range of cases which meet the

requirements of that section,[1] the district court in this case would have had common law authority to impose the consecutive sentence. We find no evidence in I.C. § 18–308, either before or after the amendment in 1972, of any legislative intent to abrogate or modify the common law rule with respect to cases not falling within the scope of I.C. § 18–308.

Prior to its amendment in 1972, I.C. § 18–308 provided:

"18–308. *Successive terms of imprisonment.*—When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction *must* commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be." (Emphasis added).

I.C. § 18–308, prior to its amendment in 1972, compelled the imposition of consecutive sentences in cases meeting the requirements of that statute. *Lockard v. State,* 92 Idaho 813, 451 P.2d 1014 (1969). *But see, State v. McCoy,* 94 Idaho 236, 486 P.2d 247 (1971). The former § 18–308 intended to modify the common law rule to the extent that the courts apparently were mandated to impose consecutive sentences in cases within the scope of that section. There was nothing in that section which indicated that the legislature intended to deprive the courts of this common law authority to impose consecutive sentences in other cases. On the contrary, I.C. § 18–308 indicates an opposite intention.

In 1972 the legislature amended I.C. § 18–308, substituting "in the discretion of the court, may", for the word "must". I.S.L.1972, ch. 381, § 6, p. 1102. Thus, the statute which, prior to its amendment in 1972, mandated consecutive sentences in some cases was changed by eliminating the mandatory language—perhaps in response to this Court's opinion in *State v. McCoy, supra. McCoy* held that the courts held certain constitutional sentencing discretion which the legislature could not impair. Viewed in that setting we find nothing in the amended I.C. § 18–308 indicative of any legislative intent to change the statute so as to prohibit consecutive sentences. On the contrary, the primary effect of the amendment was essentially to reinstate the common law rule which had been modified by the prior statute.

The instant case is similar to that encountered by the Oregon Supreme Court in *State v. Jones, supra.* An Oregon statute similar to Idaho's required consecutive sentences in certain cases where the defendant was already imprisoned. A legislative committee recommended the replacement of that statute with one that permitted either concurrent or consecutive sentences. The mandatory consecutive sentence statute was said to be detrimental to the state parole and rehabilitation program. The Oregon legislature repealed the statute, but did not replace it. The defendant in that case questioned the power of the trial court to impose consecutive sentences as a result of the action of the legislature in repealing the statute. The Oregon Supreme Court stated:

"The legislature repealed O.R.S. 137.160 but did not enact the recommended legislation replacing it. However, we feel certain that the legislature was aware that permissive legislation was not necessary. It is an inherent power of the court to impose sentences, including the choice of concurrent or consecutive terms when the occasion demands it. 21 Am.Jur.2d Criminal Law, § 546 et seq., p. 525; 57 A.L.R.2d 1414." 440 P.2d at 372.

It is our conclusion that the Idaho legislature accomplished a similar result by amending the wording of I.C. § 18–308 replacing "must" with "may".

We find, therefore, that I.C. § 18–308 does not limit the authority of the district courts to impose consecutive sentences.

---

1. Assuming the legislature has the power to do so. *See State v. McCoy,* 94 Idaho 236, 486 P.2d 247 (1971).

The defendant also argues that the sentence imposed on the forgery conviction was unduly harsh and abusive of the district court's discretion. A review of the sentencing proceedings indicates that the trial court, prior to imposing the sentence, considered facts and mitigating circumstances supplied by the defendant, his counsel, the deputy prosecuting attorney and a presentence investigation report. The five year sentence imposed is well within the statutory limits [2] and was not an abuse of the court's discretion or unduly harsh.

Affirmed.

DONALDSON, SHEPARD and BISTLINE, JJ., and SCOGGIN, D. J. (Ret.), concur.

---

2. I.C. § 18–3604 limits imprisonment for forgery to not less than one year or more than fourteen years.