112 P.3d 782

STATE of Idaho, Plaintiff–Respondent,

v.

Shaun CISNEROS–GONZALEZ,
Defendant–Appellant.

No. 30597.

Supreme Court of Idaho,
Boise, September 2004 Term.

Sept. 30, 2004.

Nevin, Benjamin & McKay, LLP, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

EISMANN, Justice.

This appeal challenges the authority of a district judge to impose a sentence of incarceration to be served separately from a sentence of incarceration that had been pronounced, but suspended, in another case. We affirm the order of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On September 21, 1998, the defendant-appellant Shaun Cisneros–Gonzalez was sentenced for burglary in Gooding County to four years in the custody of the Idaho Board of Correction, with the first two years fixed and the remaining two years indeterminate. The district judge in the Gooding County case suspended the sentence and placed

Cisneros–Gonzalez on probation for three years.

On January 7, 1999, Cisneros–Gonzalez was sentenced in this case (Twin Falls County case) for attempted grand theft to seven years in the custody of the Idaho Board of Correction, with the first three years fixed and the remaining four years indeterminate. The district judge retained jurisdiction for 120 days. When sentencing Cisneros–Gonzalez, the district judge stated that he was not going to order that the sentence be concurrent with the Gooding County case.

On January 12, 1999, the district judge presiding over the Gooding County case ordered that Cisneros–Gonzalez's probation in that case be revoked and that the original sentence be imposed. The judge retained jurisdiction for 120 days.

On July 14, 1999, the judge in the Twin Falls County case relinquished jurisdiction and ordered that Cisneros–Gonzalez serve the sentence imposed. On August 9, 1999, the judge in the Gooding County case also relinquished jurisdiction and ordered that Cisneros–Gonzalez serve the sentence imposed.

On November 5, 1999, Cisneros–Gonzalez filed a motion for reduction of sentence pursuant to Idaho Criminal Rule 35. By order entered on February 10, 2000, the district judge denied that motion. Cisneros–Gonzalez timely appealed, and his appeal was assigned to the Idaho Court of Appeals. In an unpublished opinion issued on January 22, 2001, the Court of Appeals affirmed the denial of the motion for reduction of sentence.

On March 13, 2001, Cisneros–Gonzalez filed a motion to correct an illegal sentence. He contended that when pronouncing sentence in the Twin Falls County case, the judge had not ordered the sentence to be consecutive to the sentence in the Gooding County case. After reviewing the transcript of the sentencing hearing, Cisneros–Gonzalez withdrew the motion on May 7, 2001.

On October 17, 2001, Cisneros–Gonzalez again filed a motion to correct an illegal sentence. He alleged that the sentence was illegal because he had not been given proper credit for time served during the retained

jurisdiction. The district court denied that motion by order entered on November 2, 2001. Cisneros–Gonzalez appealed, and on May 24, 2002, the appeal was dismissed upon his motion.

On April 4, 2002, Cisneros–Gonzalez filed another motion to correct an illegal sentence. This time, relying upon *State v. Bello*, 135 Idaho 442, 19 P.3d 66 (Ct.App.2001), he alleged that the sentence was illegal because it was ordered to be consecutive to a prior sentence under which he had been placed on probation. By order entered on April 23, 2002, the district court denied the motion.

■ Cisneros–Gonzalez timely appealed the order denying his motion to correct an illegal sentence. The Idaho Court of Appeals first heard the appeal. In an unpublished opinion issued on December 30, 2003, the Court of Appeals held that the district court in Twin Falls County lacked authority to order that its sentence run consecutive to an earlier sentence, the execution of which was still suspended. It therefore modified the sentence to make it concurrent with the sentence in the Gooding County case. We then granted the State's petition for review. In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court. *Head v. State*, 137 Idaho 1, 43 P.3d 760 (2002).

## II. ANALYSIS

■ The issue in this case is whether the district court in Twin Falls County had the authority to impose a sentence of incarceration to be served separately from a sentence of incarceration that had been pronounced, but suspended, in the Gooding County case. Relying upon *State v. Bello*, 135 Idaho 442, 19 P.3d 66 (Ct.App.2001), Cisneros–Gonzalez argues that the district court lacked such authority. In *Bello* the district court imposed a sentence of incarceration, to begin immediately, and ordered it to be consecutive to a previously pronounced, but suspended, sentence of incarceration in an unrelated federal case. In holding that the district court

**496**

lacked such authority, the Court of Appeals stated that under Idaho Code § 18–308, "a sentence of imprisonment can be made to run consecutive only to an earlier term of imprisonment. The statute does not authorize a sentencing court to order a term of imprisonment to run consecutive to a term of probation." 135 Idaho at 445, 19 P.3d at 69.

■ Idaho Code § 18–308 provides as follows:

When any person is convicted of two (2) or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, in the discretion of the court, may commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.

The statute has no application to this situation. By its terms, it only applies when a defendant "is convicted of two (2) or more crimes before sentence has been pronounced upon him for either." A sentence is pronounced when the judge announces it, even if the judge suspends execution of the judgment. *State v. McCool*, 139 Idaho 804, 806–07, 87 P.3d 291, 293–94 n. 1 (2004); *Peltier v. State*, 119 Idaho 454, 808 P.2d 373 (1991); I.C. § 19–2503 (1997). Cisneros–Gonzalez admitted during oral argument that if "pronounced" means "announced," *Bello* was incorrectly decided. The sentence in the Gooding County case had been pronounced on September 21, 1998, over three months before Cisneros–Gonzalez was sentenced in the Twin Falls County case. Therefore, by its terms § 18–308 does not apply.

■ Idaho Code § 18–308 is not the source of a court's authority to impose a cumulative sentence. *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977). Under the common law, the courts in Idaho have discretionary power to impose cumulative sentences. *Id.* Prior to 1972, that common-law authority was modified slightly. Former Idaho Code § 18–308 required consecutive terms of imprisonment in cases that fell within its provisions. *Id.* In 1972 the statute was amended to make the imposition of consecutive sentences discretionary in the cases within its scope. "[T]he primary effect of the amendment was essentially to reinstate the common law rule which had been modified by the prior statute." 98 Idaho at 401, 565 P.2d at 991.

Cisneros–Gonzalez argues that because there was no probation at common law, the district court in Twin Falls lacked the common law authority to order that its sentence be consecutive to the sentence in the Gooding County case. We need not address whether a court can order that a sentence of incarceration be served consecutively to a period of probation in another case because that is not what occurred in this case. Likewise, we are not holding that a period of incarceration could be ordered consecutive to a sentence in another case that had not yet been pronounced.

The district judge in Twin Falls did not intend that the incarceration he ordered would commence after Cisneros–Gonzalez's probation ended in the Gooding County case. The judge sentenced Cisneros–Gonzalez to incarceration in the state penitentiary and remanded him to the custody of the sheriff to begin serving that sentence. Although the judge retained jurisdiction for 120 days, Cisneros–Gonzalez's incarceration commenced immediately.

■ When sentencing Cisneros–Gonzalez, the judge expressly stated that he would not order that the incarceration be concurrent with the Gooding County case. He clearly intended that the incarceration in the Twin Falls County case be cumulative to any incarceration Cisneros–Gonzalez served in the Gooding County case. He had the common law authority to do so.

## III. CONCLUSION

The district judge in the Twin Falls County case had the authority to impose a sentence of incarceration to be served separately from a sentence of incarceration that had been pronounced, but suspended, in the Gooding County case. We affirm the order of the district court.

Chief Justice SCHROEDER, and Justices TROUT, KIDWELL and Justice Pro Tem WALTERS concur.