99 P.3d 616

STATE of Idaho, Plaintiff–Respondent,

v.

Tyler Scott CALLEY, Defendant–Appellant.

No. 30603.

Supreme Court of Idaho,
Boise, September 2004 Term.

Sept. 30, 2004.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

EISMANN, Justice.

This appeal challenges the authority of a district judge to impose a sentence of incarceration to be served separately from a sentence of incarceration that had been pronounced, but suspended, in another case. The appellant also alleges that the sentence constituted an abuse of the district judge's discretion. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On December 15, 1998, the defendant-appellant Tyler Calley was sentenced for forgery in Canyon County to a term of seven years in the custody of the Idaho Board of Correction, with the first three years of the sentence fixed and the balance indeterminate. The district court suspended execution of the judgment and placed Calley on probation for four years.

On April 29, 2002, Calley was sentenced in Twin Falls County for felony eluding a peace officer to five years in the custody of the Idaho Board of Correction, with the first three years of the sentence fixed and the balance indeterminate. The district court ordered the sentence consecutive to the sentence in the Canyon County case and remanded Calley to the custody of the sheriff to begin serving the period of incarceration.

At that time, Calley was still on probation in the Canyon County case. Eight days later the district court in Canyon County revoked Calley's probation and ordered that he serve the balance of the sentence in that case.

On June 14, 2002, Calley filed a motion in the Twin Falls County case under Idaho Criminal Rule 35 to correct an illegal sentence. Relying upon *State v. Bello*, 135 Idaho 442, 19 P.3d 66 (Ct.App.2001), Calley argued that the district court in Twin Falls County did not have authority to impose a period of incarceration that was consecutive to the sentence of incarceration in the Canyon County case, where execution of that sentence had been suspended and he was still on probation. By order entered on June 24, 2002, the district court denied the motion and reissued the judgment of conviction effective as of the date of the order.

■ Calley timely appealed both his original judgment and the order denying his motion to correct an illegal sentence. The Idaho Court of Appeals first heard the appeal. In an unpublished opinion issued on December 30, 2003, the Court of Appeals held that the district court in Twin Falls County lacked authority to order that its sentence run consecutive to an earlier sentence, the execution of which was still suspended. It therefore modified the sentence to make it concurrent with the sentence in the Canyon County case. The Court of Appeals also upheld the length of the sentence as not being excessive. We then granted the State's petition for review. In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court. *Head v. State*, 137 Idaho 1, 43 P.3d 760 (2002).

## II. ANALYSIS

■ The primary issue in this case is whether the district court in Twin Falls County had the authority to impose a sentence of incarceration to be served separately from a sentence of incarceration that had been pronounced, but suspended, in the

Canyon County case. Relying upon *State v. Bello,* 135 Idaho 442, 19 P.3d 66 (Ct.App. 2001), Calley argues that the district court lacked that authority. In *Bello* the district court imposed a sentence of incarceration, to begin immediately, and ordered it to be consecutive to a previously pronounced, but suspended, sentence of incarceration in an unrelated federal case. In holding that the district court lacked such authority, the Court of Appeals stated that under Idaho Code § 18–308, "a sentence of imprisonment can be made to run consecutive only to an earlier term of imprisonment. The statute does not authorize a sentencing court to order a term of imprisonment to run consecutive to a term of probation." 135 Idaho at 445, 19 P.3d at 69.

■ Idaho Code § 18–308 provides as follows:

> When any person is convicted of two (2) or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, in the discretion of the court, may commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.

The statute has no application to this situation. By its terms, it only applies when a defendant "is convicted of two (2) or more crimes before sentence has been pronounced upon him for either." A sentence is pronounced when the judge announces it, even if the judge suspends execution of the judgment. *State v. McCool,* 139 Idaho 804, 806–07, 87 P.3d 291, 293–94 n. 1 (2004); *Peltier v. State,* 119 Idaho 454, 808 P.2d 373 (1991); I.C. § 19–2503 (1997). The sentence in the Canyon County case had been pronounced on December 15, 1998, over three years before Calley was sentenced in the Twin Falls County case. Therefore, by its terms § 18–308 does not apply.

■ Idaho Code § 18–308 is not the source of a court's authority to impose a cumulative sentence. *State v. Lawrence,* 98 Idaho 399, 565 P.2d 989 (1977). Under the common law, the courts in Idaho have discre-tionary power to impose cumulative sentences. *State v. Lawrence,* 98 Idaho 399, 565 P.2d 989 (1977). Prior to 1972, that common-law authority was modified slightly. Former Idaho Code § 18–308 required consecutive terms of imprisonment in cases that fell within its provisions. *Id.* In 1972, the statute was amended to make the imposition of consecutive sentences discretionary in the cases within its scope. "[T]he primary effect of the amendment was essentially to reinstate the common law rule which had been modified by the prior statute." 98 Idaho at 401, 565 P.2d at 991.

Calley argues that because there was no probation at common law, the district court in Twin Falls lacked the common law authority to order that its sentence be consecutive to the sentence in Canyon County. We need not address whether a court can order that a sentence of incarceration be served consecutively to a period of probation in another case because that is not what occurred in this case. Likewise, we are not holding that a period of incarceration could be ordered consecutive to a sentence in another case that had not yet been pronounced.

Calley admits that the district judge in Twin Falls did not intend that the incarceration he ordered would commence after Calley's probation ended in the Canyon County case. The judge immediately remanded Calley to the custody of the sheriff to begin serving the sentence of incarceration. The judge simply intended that the sentence of incarceration in the Twin Falls County case would be served separately from any term of incarceration that Calley served in the Canyon County case. The district judge in the Twin Falls County case had the common law authority to do so. Because the sentence as originally pronounced was legal, we affirm the order of the district court denying Calley's motion to correct an illegal sentence, but we do not address the validity of the district court's attempt to resolve the issue by reissuing the judgment.

■ Calley also alleges that the district court abused its discretion in failing to make his sentence concurrent with the sentence in the Canyon County case. We review a crimi-

nal sentence under an abuse of discretion standard. *State v. Jeppesen*, 138 Idaho 71, 57 P.3d 782 (2002). When a sentence is challenged as being excessively harsh, we independently review the record on appeal, having due regard for the nature of the offense, the character of the offender, and the protection of the public interest. *Id.* In order to show that the sentence imposed was unreasonable, the defendant must show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts. *Id.* A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Sheahan*, 139 Idaho 267, 77 P.3d 956 (2003).

Calley contends that the district court's failure to make its sentence of incarceration concurrent with that pronounced in the Canyon County case constituted an abuse of discretion because it failed to give appropriate consideration of his substance abuse and mental health issues. Prior to sentencing, a psychologist evaluated Calley and issued a written report in which he concluded that Calley was extremely depressed, had been that way for many years, and was not receiving appropriate medications. The psychological report also stated that Calley had a history of drug abuse, with his last reported drug use being in November 2001, and that he had never received any substance abuse treatment.

In 1984, when he was seventeen years old, Calley committed nine felonies in North Carolina. The crimes consisted of six counts of breaking and entering, two counts of larceny, and one count of possession of cocaine. He served approximately two years in prison for these convictions. In 1995 he was charged in Canyon County, Idaho, with four misdemeanor counts of issuing checks with insufficient funds. Three years later he pled guilty to two counts and the other two were dismissed. In 1997 he was convicted of possession of cocaine in North Carolina, for which he served jail time and two years probation. In

1998 Calley committed the forgery in Canyon County. He was placed on probation and violated his probation by, among other things, committing several misdemeanors. The district court in Canyon County revoked Calley's probation, ordered execution of the judgment, and retained jurisdiction for 180 days. At the conclusion of the period of retained jurisdiction, the district court in Canyon County placed Calley back on probation. He violated his probation again and absconded supervision. Finally, in 2001 he committed the felony eluding offense in Twin Falls County.

The district judge considered the information in Calley's psychological report, but gave more weight to the protection of society. The district judge stated that Calley was a high risk to re-offend and that the main factor in the sentence was the need to protect society. Calley has failed to show that the district judge abused his discretion when imposing the sentence.

## III. CONCLUSION

The district judge in the Twin Falls County case had the authority to impose a sentence of incarceration to be served separately from a sentence of incarceration that had been pronounced, but suspended, in the Canyon County case. The appellant has failed to show that the district judge abused his discretion when imposing the sentence. Because the sentence imposed was legal, the district judge properly denied Calley's motion to correct an illegal sentence. We affirm the judgment and order of the district court.

Chief Justice SCHROEDER, and Justices TROUT, KIDWELL and BURDICK concur.