144 P.3d 43

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Paul P. CLAPPER, Jr., Defendant–Appellant.**

Nos. 31578, 31579.

Court of Appeals of Idaho.

Sept. 6, 2006.

---

John M. Adams, Kootenai County Public Defender; Dennis D. Reuter, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Paul P. Clapper, Jr. appeals from the district court's order on intermediate appeal affirming judgments of conviction and sentences entered by the magistrate. For the reason set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

Clapper was serving a term of probation under a suspended sentence in Case No. 02–4630. While on probation Clapper was charged with, and pled guilty to, providing false information to a police officer, I.C. § 18–5413, in Case No. 03–11380, and misdemeanor driving without privileges, I.C. § 18–8001, in Case No. 03–15036. At sentencing, the magistrate revoked Clapper's probation and executed the previously suspended sen-

tence in Case No. 02–4630. The magistrate then sentenced Clapper to 180 days incarceration for each of the charges he pled guilty to in Case Nos. 03–11380 and 03–15036, both to run consecutive to each other and the executed sentence in Case No. 02–4630.[1] The magistrate suspended both of the 180–day sentences and placed Clapper on consecutive terms of two years probation for a total of four years probation. Clapper appealed the legality of his sentences to the district court. The district court affirmed Clapper's judgments of conviction and sentences. Clapper again appeals.[2]

## II.

## ANALYSIS

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman*, 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct.App.2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

## A. Probation Consecutive to Incarceration

■ On appeal, Clapper, relying on this Court's interpretation of I.C. § 18–308 in *State v. Bello*, 135 Idaho 442, 19 P.3d 66 (Ct.App.2001), asserts that a court may not order that a term of probation run consecu-

tive to a term of incarceration in a separate crime.

Idaho Code Section 18–308 provides:

When any person is convicted of two (2) or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, in the discretion of the court, may commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.

In *Bello*, the defendant was on probation for a previous federal crime when he was found guilty in the relevant Idaho case. The district court sentenced the defendant to a term of incarceration to be served consecutive to his then-existing term of federal probation. On appeal, this Court interpreted I.C. § 18–308 as meaning the statute only applied to terms of imprisonment and excluded terms of probation. *Bello*, 135 Idaho at 445, 19 P.3d at 69. Therefore, imposing a term of imprisonment to be consecutive to a term of probation was not authorized by the statute. Clapper now reasons that our decision in *Bello* must also apply to the reverse circumstances—prohibiting a court from imposing a term of probation consecutive to a term of imprisonment.

In 2004, however, the Idaho Supreme Court issued two opinions in cases where defendants had been sentenced to a term of incarceration that appeared to be consecutive to an already-existing term of probation for a prior, unrelated crime. See *State v. Cisneros-Gonzalez*, 141 Idaho 494, 495–96, 112 P.3d 782, 783–84 (2004); *State v. Calley*, 140 Idaho 663, 665, 99 P.3d 616, 618 (2004). In both cases, the defendants relied on our deci-

1. The state argues the magistrate never intended for Clapper's two terms of probation to be served consecutive to the executed sentence and resulting term of incarceration in Case No. 02–4630. However, the record does not support this conclusion. The transcript of the sentencing hearing indicates the magistrate intended for all three sentences to be served consecutive to each other. Moreover, the orders of probation in Case Nos. 03–11380 and 03–15036 have handwritten entries specifying that each term of probation was

to be served consecutive to the sentence in Case No. 02–4630.

2. On appeal, Case No. 03–11380 was assigned to this Court as Docket No. 31578, whereas Case No. 03–15036 was assigned as Docket No. 31579. The cases have been consolidated on appeal but for convenience shall be referred to in this opinion by the case numbers assigned at the trial court level, rather then the Court of Appeals docket numbers.

sion in Bello to argue that their sentences were illegal. The Idaho Supreme Court determined that, by its plain language, I.C. § 18–308 applies only when a defendant is convicted of two or more crimes before sentence has been pronounced upon the defendant for either and a sentence is pronounced when the judge announces it, even if the judge suspends execution of the judgment. *Cisneros–Gonzalez,* 141 Idaho at 495–96, 112 P.3d at 784; *Calley,* 140 Idaho at 665, 99 P.3d at 618.

The Supreme Court concluded that I.C. § 18–308 did not apply to the situations in *Cisneros–Gonzalez* or *Calley* as in both cases the already-existing terms of probation originated from sentences announced prior to the new terms of incarceration. *Cisneros–Gonzalez,* 141 Idaho at 496, 112 P.3d at 784; *Calley,* 140 Idaho at 665, 99 P.3d at 618. In *Bello,* the defendant's existing term of probation similarly originated from a sentence announced prior to the new term of incarceration that was to run consecutive to the term of probation. Even though the Idaho Supreme Court did not directly state such, I.C. § 18–308 would also not apply to the situation presented to this Court in *Bello* under the Supreme Court's interpretation of that statute. However, because of the factual circumstances in both *Cisneros–Gonzalez* and *Calley,* the Idaho Supreme Court declined to make an ultimate ruling as to whether a term of incarceration could be imposed consecutive to a term of probation under other circumstances.

█ Clapper's sentence in Case No. 02–4630 was announced approximately two years before the terms of probation which were ordered to run consecutive to that previous sentence. Therefore, by its terms, I.C. § 18–308 does not apply to Clapper's situation, and our decision in Bello is not controlling under the factual circumstances presented here. We further note that I.C. § 18–308 is not the sole source of a court's authority to impose a cumulative sentence. *Calley,* 140 Idaho at 665, 99 P.3d at 618; *State v. Lawrence,* 98 Idaho 399, 400–01, 565 P.2d 989, 990–91 (1977). Under the common law, the courts in Idaho have discretionary power to impose cumulative sentences. *Calley,* 140 Idaho at

665, 99 P.3d at 618. Idaho Code Section 18–308 was not intended to abrogate or limit the common law rule and only applies to cases within its scope. Lawrence, 98 Idaho at 401, 565 P.2d at 991; *see also State v. Murillo,* 135 Idaho 811, 814, 25 P.3d 124, 127 (Ct.App. 2001) (stating that, according to the Lawrence decision, I.C. § 18–308 does not limit the authority of the district court to impose consecutive sentences). Idaho courts also enjoy the discretionary power to suspend a sentence and place a defendant on probation under the common law. *See State v. McCoy,* 94 Idaho 236, 240, 486 P.2d 247, 251 (1971). This common law rule is codified under I.C. § 19–2601, and applies to both misdemeanor and felony crimes.

█ We therefore hold that the trial court's common-law authority to impose cumulative sentences as well as suspend a sentence and impose probation, combined with the authority established in I.C. § 19–2601, permits the trial court to impose a term of probation consecutive to a term of incarceration announced in a previous, unrelated case. Accordingly, the magistrate was not prohibited by law from ordering the two terms of probation he imposed upon Clapper in Case Nos. 03–11380 and 03–15036 to run consecutive to his previous sentence in Case No. 02–4630.

**B. Consecutive Terms of Probation**

█ Clapper also asserts the magistrate erred by imposing consecutive terms of probation for the crimes he pled guilty to in Case Nos. 03–11380 and 03–15036. Clapper argues there is no statutory or common-law authority that allowed the magistrate to order consecutive terms of probation.

█ As noted, I.C. § 18–308 and the common law authorizes consecutive sentences of imprisonment for two or more crimes prior to sentence being pronounced upon either. *See Calley,* 140 Idaho at 665, 99 P.3d at 618. Further, I.C. § 19–2601 and the common law also empower a trial court to suspend the execution of sentences of imprisonment and place the defendant on probation. *See McCoy,* 94 Idaho at 240, 486 P.2d at 251. It is implicit under I.C. § 19–2601

and the common law that, if the terms of imprisonment that are being suspended are ordered to run consecutive, the corresponding probation terms may likewise be ordered consecutive. *State v. Horejs*, 143 Idaho 260, 266, 141 P.3d 1129, 1135 (Ct.App.2006). Although no Idaho statute expressly refers to consecutive probation periods, these two statutes and the common law, when considered together, implicitly authorize successive probations. *Id.* at 266, 141 P.3d at 1135. Consequently, to the extent that our holding in Bello is inconsistent with *Cisneros–Gonzalez, Calley,* the common law and our decision here, it is disavowed. We conclude that Idaho law does not prohibit successive probation periods for multiple convictions.

Clapper pled guilty to two crimes and, as sentence had not been previously announced upon either, I.C. § 18–308 was applicable. Under the statutory authority of I.C. § 18–308, and common law, the magistrate was permitted to order that Clapper's sentences be served consecutive to each other. The magistrate was then permitted to suspend either or both of his sentences and place him on probation for either or both crimes under the authority derived from I.C. § 19–2601 and the common law. Therefore, the magistrate was within its legal authority to order Clapper to serve consecutive terms of probation.

## III.

## CONCLUSION

The magistrate did not err in ordering Clapper to serve his terms of probation consecutive to a previously imposed sentence and consecutive to each other. Therefore, the sentences imposed upon Clapper were legal. Accordingly, we affirm the order of the district court affirming Clapper's judgments of conviction and sentences as entered by the magistrate.

Judge LANSING and Judge GUTIERREZ concur.