# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42917

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 712 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 16, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GERALD BYRON CUMMINGS, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying I.C.R. 35(a) motion for correction of an illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Gerald Byron Cummings, Jr. pled guilty to possession of methamphetamine. Idaho Code § 37-2732(c)(1). The district court sentenced Cummings to a unified term of four years with one year determinate (2012 case), to run consecutively to Cumming's existing sentence (2008 case). Nearly two years later, Cummings filed an Idaho Criminal Rule 35(a) motion for correction of an illegal sentence in the 2012 case, which was denied by the district court. Cummings appeals alleging that the sentence imposed in 2012 was illegal since at that time he was on parole for the 2008 case, and not incarcerated, the district court did not have the authority to order the 2012 sentence be served consecutively to the 2008 sentence.

1

Cummings contends that pursuant to I.C. § 18-308, as construed by *State v. Bello*, 135 Idaho 442, 445, 19 P.3d 66, 69 (Ct. App. 2001), the 2012 sentence could not be ordered consecutive to the 2008 sentence. However, as Cummings acknowledges, in *State v. Calley*, 140 Idaho 663, 665, 99 P.3d 616, 618 (2004) and *State v. Cisneros-Gonzalez*, 141 Idaho 494, 496, 112 P.3d 782, 784 (2004), the Idaho Supreme Court abrogated *Bello* and held that I.C. § 18-308 did not apply and that the district court could order the second sentence to run separately from the prison sentence. Therefore, the district court's order denying Cummings' Rule 35(a) motion is affirmed.