## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 52207

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, November 2025 Term |
| | ) | |
| v. | ) | Opinion Filed: February 13, 2026 |
| | ) | |
| POMPEYO SALAZAR-CABRERA, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County. Gregory K. Kalbfleisch, Magistrate Judge. David H. Judd, Magistrate Judge. Gregory FitzMaurice, District Judge. Adam H. Green, District Judge.

The decision of the district court is <u>affirmed</u>.

Blewett Mushlitz Hally, LLP, Lewiston, attorneys for Appellant. Jonathan Hally argued.

Raúl Labrador, Attorney General, Boise, attorneys for Respondent. Kasey L. Jones argued.

_____

BEVAN, Chief Justice.

Pompeyo Salazar-Cabrera appeals from the district court's intermediate appellate decision affirming his judgment of conviction and sentence for misdemeanor vehicular manslaughter. After a Nez Perce County jury acquitted Salazar-Cabrera on a felony vehicular manslaughter charge, it convicted him on the lesser-included offense of misdemeanor vehicular manslaughter. I.C. § 18-4006(3)(c). Salazar-Cabrera was later granted a new trial based on an erroneous jury instruction. Before retrial on the misdemeanor charge, the magistrate court judge assigned to the case met with the parties at a pretrial conference. At this conference, the judge assured Salazar-Cabrera that he would not impose any jail time if Salazar-Cabrera was convicted since the charge now involved only a misdemeanor. Following his conviction at trial, Salazar-Cabrera was sentenced to 150 days in jail, prompting a Idaho Criminal Rule 35 motion in which he argued that he should be resentenced to a term that did not include any imposed jail time. The magistrate court reduced the

jail time by one day but otherwise denied the motion. Salazar-Cabrera appealed the decision to the district court, which then vacated the sentence. On remand, a new magistrate court judge sentenced Salazar-Cabrera to 90 days in jail. On a second intermediate appeal to the district court, Salazar-Cabrera argued that the second magistrate court judge was bound by the first magistrate court judge's assurance that he would not impose any jail time. The district court disagreed and affirmed the sentence imposed by the second magistrate judge. On appeal to this Court, Salazar-Cabrera argues that the second magistrate court judge abused its discretion by misapplying the law of the case doctrine when it imposed a jail sentence that disregarded the first magistrate court judge's express assurance that no jail would be imposed. For the reasons below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts in this appeal are not contested. Salazar-Cabrera was charged with felony vehicular manslaughter after he drove a semi-truck and trailer down a hill and failed to stop at a stop sign, causing a fatal collision with another driver.

A jury trial was held in 2019, and Salazar-Cabrera was acquitted of vehicular manslaughter with gross negligence (a felony), but the jury found him guilty of vehicular manslaughter without gross negligence (a misdemeanor). *See* I.C. § 18-4006(3)(c). After the trial, Salazar-Cabrera alleged an error in the jury instructions and moved for a new trial, which the district court granted. The case was then assigned to the magistrate court for retrial on the misdemeanor charge. Following a second trial in 2021, Salazar-Cabrera was found guilty of misdemeanor vehicular manslaughter. At sentencing, Magistrate Judge Kalbfleisch sentenced Salazar-Cabrera to 365 days in jail with 215 days suspended.

Salazar-Cabrera filed an Idaho Criminal Rule 35 motion to reduce the sentence, arguing that the sentence was excessive. In support of that motion, Salazar-Cabrera's attorney filed an uncontroverted declaration attesting that, at a hearing on pretrial motions before Salazar-Cabrera's second trial, the State approached Salazar-Cabrera's attorney and requested permission to ask Judge Kalbfleisch if he would disclose what he was considering for sentencing if Salazar-Cabrera was convicted. The State believed that this information would make settlement discussions more productive. Salazar-Cabrera's attorney permitted the State to ask. Once the hearing on pretrial motions concluded, the State asked the magistrate court if it could inquire off the record. The court allowed it. Once off the record, the State asked Judge Kalbfleisch if he would be willing to disclose the sentence he intended to impose if Salazar-Cabrera was convicted.

2

According to Salazar-Cabrera's attorney's declaration, Judge Kalbfleisch told the parties that he had read the sentencing memorandum from Salazar-Cabrera's attorney and agreed that defendants convicted of misdemeanor vehicular manslaughter did not usually receive any actual jail time as part of their sentences. Judge Kalbfleisch discussed the goals of sentencing, including the protection of society, but he noted that such a consideration was inapplicable to Salazar-Cabrera's case because the act was not intentional and unlikely to be repeated. Judge Kalbfleisch also noted that Salazar-Cabrera appeared remorseful, and he saw no purpose in imposing a jail sentence for the sake of punishment. After further discussion, Judge Kalbfleisch indicated that, if Salazar-Cabrera was convicted, he would not deviate from typical sentencing practice and would not impose jail. As reflected in the declaration of Salazar-Cabrera's attorney, Judge Kalbfleisch's assurances impacted settlement discussions because Salazar-Cabrera rejected any proposed agreement that included jail time, even though any plea extended by the State would have resulted in less jail time than what Salazar-Cabrera ultimately received.

Following a hearing on the Rule 35 motion, Judge Kalbfleisch reduced Salazar-Cabrera's sentence by one day. Salazar-Cabrera appealed. On intermediate appeal to the district court, Salazar-Cabrera argued that the magistrate court abused its discretion by denying his Rule 35 motion because it imposed jail time that it had assured it would not impose. The district court vacated Salazar-Cabrera's sentence. In reaching its appellate decision, the district court emphasized that Judge Kalbfleisch's statement that he would not impose jail time was not an "off-the-cuff remark," but instead followed from a thorough analysis:

> Salazar-Cabrera's uncontroverted assertion that the [m]agistrate indicated to counsel prior to trial that he would not impose jail time and then impose the maximum sentence taints the judicial process. Salazar-Cabrera emphasizes that the [m]agistrate's declaration that he would not impose actual jail time was not an off-the-cuff remark. The uncontroverted [d]eclaration states that [m]agistrate said he had read Salazar-Cabrera's sentencing memorandum and agreed that defendants convicted of misdemeanor vehicular manslaughter typically do not receive actual jail time. The uncontroverted [d]eclaration states that the [m]agistrate went through the goals on sentencing as they applied to Salazar-Cabrera and concluded that "he would not deviate from the typical sentencing practice and that he would not impose any actual jail time."

> Salazar-Cabrera had the right to rely on the [m]agistrate's representation. Again, the [m]agistrate's representation was not an off-the-cuff remark, but appeared to be a fairly thorough analysis. The [m]agistrate was familiar with the facts and circumstances of the case when he made his representation, as there was a prior trial and there was extensive pretrial motion practice.

3

(Internal citations omitted).

The district court remanded Salazar-Cabrera's case to a different magistrate for resentencing. On remand, the case was assigned to Judge Judd. At the resentencing, Salazar-Cabrera argued that Judge Judd was bound by the earlier promise from Judge Kalbfleisch not to impose any jail time. Judge Judd disagreed:

> This [c]ourt is going to decline to follow the defendant's recommendation that the [c]ourt grant Mr. Salazar-Cabrera's requested relief for specific performance, as it was called. And I think that's a fair way to frame that. And that is that the [c]ourt not impose any actual jail based on the comments that were apparently made by Judge Kalbfleisch in chambers off the record. And the reason the [c]ourt's doing that is, this [c]ourt doesn't read the [d]istrict [c]ourt's remand to require as such.
>
> . . . .
>
> And so it's this [c]ourt's understanding of the [d]istrict [c]ourt's opinion, Judge FitzMaurice's memorandum, that the taint is remedied by the [d]istrict [c]ourt's remand to a different magistrate, which ultimately was this [c]ourt.

Judge Judd resentenced Salazar-Cabrera to 364 days in jail, with 263 days suspended, and credit for 11 days served. Salazar-Cabrera again appealed to the district court. This time, Salazar-Cabrera argued that Judge Judd abused his discretion by sentencing him outside of the assurances made by Judge Kalbfleisch. The district court affirmed Salazar-Cabrera's sentence. Salazar-Cabrera appealed.

## II.     ISSUE ON APPEAL

Whether the district court erred in affirming the magistrate court's sentence after remand.

## III.     STANDARDS OF REVIEW

When reviewing a district court's appellate decision,

> [t]he Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Houston v. Houston*, 172 Idaho 264, 268, 531 P.3d 1161, 1165 (2023) (quoting *Nelson v. Evans*, 166 Idaho 815, 819, 464 P.3d 301, 305 (2020)). Importantly, "we are procedurally bound to affirm or reverse the decisions of the district court." *Id.* (citation modified).

This Court "review[s] a criminal sentence under an abuse of discretion standard." *State v. Calley*, 140 Idaho 663, 665–66, 99 P.3d 616, 618–19 (2004) (citation omitted).

4

When reviewing a lower court's decision for an abuse of discretion, this Court must analyze "whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason."

*State v. Bodenbach*, 165 Idaho 577, 591, 448 P.3d 1005, 1019 (2019) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)). "In deference to the trial judge, this Court will not substitute its view of a reasonable sentence where reasonable minds might differ." *Id.* (citation omitted).

"Generally, whether a sentence is illegal or whether it was imposed in an illegal manner is a question of law, over which we exercise free review." *State v. Ish*, 174 Idaho 77, 101, 551 P.3d 746, 770 (2024) (quoting *State v. Draper*, 151 Idaho 576, 601, 261 P.3d 853, 878 (2011)).

However, if the basis for the illegality of the sentence is that the sentence is excessive, and the sentence is within the statutory limits, a motion for reduction of sentence under Rule 35 is a plea for leniency, and this Court will then review a denial or grant of the motion for an abuse of discretion.

*Id.* (quoting *Draper*, 151 Idaho at 601, 261 P.3d at 878).

## IV.    ANALYSIS

### A.    The district court did not err in affirming the magistrate court's resentencing decision.

The thrust of Salazar-Cabrera's argument on appeal focuses on the law of the case doctrine. From Salazar-Cabrera's perspective, Judge Judd violated that doctrine when he concluded he was not obligated to follow Judge Kalbfleisch's promise to impose no jail time, even though the original sentence, which deviated from that alleged promise, was vacated. Salazar-Cabrera maintains that the district court's opinion contained within it an "implicit" instruction that, on remand, he be sentenced to no jail time.

"The law of the case doctrine is well settled in Idaho and is utilized to maintain consistency and avoid reconsideration of matters once decided during the course of a single, continuing lawsuit." *State v. Lankford*, 172 Idaho 548, 558, 535 P.3d 172, 182 (2023) (citation modified) (quoting *Eich v. Wilbur J. Eich & Henrietta C. Eich Revocable*, 169 Idaho 467, 473, 497 P.3d 541, 547 (2021)).

The law of the case doctrine provides upon an appeal, the Supreme Court, in deciding a case presented, states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be

adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal.

*Id.* (citation modified) (emphasis omitted). "Importantly, it is not the ultimate legal conclusions that become the law of the case; rather, it is the principles or rules of law necessary to reach that conclusion that become the law of the case." *Id.*

Here, we are not addressing a previous ruling of this Court; instead, this appeal concerns the ruling of a district court sitting in an intermediate appellate capacity. Nevertheless, Salazar-Cabrera invokes the law of the case doctrine based on the argument that resentencing him to no jail time was "[i]mplicit within the [d]istrict [c]ourt's vacating the original sentence . . . ." That was the only remedy to "remove the taint," according to Salazar-Cabrera. The State challenges this assertion, noting that the district court's decision to remand for resentencing before a different magistrate was not appealed. Based thereon, the State "does not dispute that the resentencing magistrate and district court on the subsequent intermediate appeal were bound to adhere to the remand order." In the State's view, both courts did so—and we agree.

Salazar-Cabrera made this same argument before district judge FitzMaurice during the first intermediate appeal. At that point it was unchallenged that Judge Kalbfleisch, in contravention of pre-trial assurances otherwise, imposed jail time on Salazar-Cabrera. At oral argument before Judge FitzMaurice, the court asked Salazar-Cabrera if he was requesting the case be remanded to a different judge. Salazar-Cabrera's counsel responded that the matter did not need "to be with a different judge. I think it can be the same judge[,] just with instructions that it has to be done with -- in compliance with what his assurances were . . . ." The district court continued his point of inquiry:

> If a judge is improperly making statements of being bound, okay, to a certain sentence, it would seem, let's assume for the argument [sic] sake and the failure to do the same, would appear that that -- like you say, is an attack on the independence of the judiciary when he doesn't do that. It would seem that that judge should not be the resentencing judge, and you should have resentencing based upon what a judge that is not intimately involved in this can review the record, would sentence at this point in time, would it not, [counsel]?

Salazar-Cabrera later conceded that he did not "have a problem" with a different judge sentencing him "if the remand was with the directions that he had to comply with the assurances of no actual jail . . . ." In the district court's written opinion after oral argument, the court acknowledged that the judicial process was tainted by the "[m]agistrate['s] indicat[ion] to counsel

prior to trial that he would not impose jail time and then [the magistrate] impose[d] the maximum sentence . . . ." Based on its view, the district court remanded the case to a different judge, but notably, it did not require imposition of the originally promised sentence. Indeed, the opinion made no reference to Salazar-Cabrera's request at oral argument that the remand include directions to the new magistrate court judge to "comply with the assurances of no actual jail[.]"

On remand, the case was assigned to Judge Judd. Judge Judd acknowledged during the sentencing hearing that the case was remanded to address the taint from the previous sentencing, but he found "that the taint is remedied by the [d]istrict [c]ourt's remand to a different magistrate . . . ." In Judge Judd's estimation, if the district court had intended to remand the case for sentencing specific to the assurances that the original magistrate court judge had made, there would be "no rational basis to remand to a different magistrate. The matter simply should have gone back to Judge Kalbfleisch." But instead, "the matter was referred back to this [c]ourt . . . to use this [c]ourt's discretion, hear the argument, review the facts as they were presented, . . . and to ultimately mete out a sentence that was fair and just under those circumstances."

After that discussion, Judge Judd proceeded with sentencing under the applicable law, examining Idaho Code section 18-4007(3)(c), which outlines the punishment for misdemeanor manslaughter. Judge Judd then examined the facts in Salazar-Cabrera's case, including the loss of life for his victim and a recognition that Salzar-Cabrera did not intend to kill. Judge Judd considered the four factors of sentencing from *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982), and ultimately sentenced Salzar-Cabrera to 364 days in jail, with 263 days suspended, and 90 days of jail imposed. Following the sentence, Salazar-Cabrera filed a second intermediate appeal, but the district court concluded that Judge Judd did not abuse his discretion when resentencing Salazar-Cabrera.

Thus, once Judge Judd acted on the remand order's purpose—ensuring that he, as a different magistrate judge, sentenced Salazar-Cabrera—an independent and impartial sentencing occurred. Judge Judd made no sentencing promises and was not beholden, one way or another, to any "taint" arising from the prior proceedings before Judge Kalbfleisch.

In *Pepper v. United States*, 562 U.S. 476 (2011), the United States Supreme Court addressed whether sentencing decisions made by prior judges presiding over the case limited the new judge's discretion upon resentencing. The Supreme Court concluded that the law of the case doctrine did not require the resentencing court to apply the same percentage downward departure

7

from the Guidelines that had been applied at defendant's prior sentencing. *Id*. at 507–08. The Idaho Court of Appeals has likewise concluded that a sentencing judge was not bound by a prior judge's pre-sentencing statements. *State v. Bartlett*, 154 Idaho 370, 378, 298 P.3d 1074, 1082 (Ct. App. 2013). The Court of Appeals noted it had "been directed to no case in which a statement by a judge regarding eventual sentencing disposition, under any circumstances, has been somehow enforced or provided a basis for relief under the auspices of integrity of the courts." *Id.* The Court of Appeals concluded there was no procedural basis to grant Bartlett's request for specific performance. *Id.* The reasoning from *Pepper* and *Barlett* applies with equal force here.

"[T]he general rule is that, on remand, a trial court has authority to take actions it is specifically directed to take, or those which are subsidiary to the actions directed by the appellate court." *Mountainview Landowners Co-op. Ass'n v. Cool*, 142 Idaho 861, 866, 136 P.3d 332, 337 (2006) (citation omitted). Here, the directive from the district court was clear but limited: "[t]he sentencing matter is remanded and a different [m]agistrate shall sentence Salazar-Cabrera." Nothing in the district court's order required a sentence with no actual jail time. That absence is particularly significant given that the district court was specifically asked to include such direction and declined to do so. Again, Salazar-Cabrera never appealed that determination. Although Salazar-Cabrera argues before us that the district court's order implicitly required the imposition of no actual jail time, a more natural reading is that the district court implicitly rejected that request when it remanded solely for resentencing before a different magistrate judge. That decision is not inconsistent with the law of the case doctrine; there was no ultimate legal conclusion made by the district court that Judge Judd failed to follow on remand.

Salazar-Cabrera's appeal ultimately turns on the third prong of the abuse of discretion standard, whether the magistrate court acted consistently with the applicable legal standards and the specific choices available to it. *See State v. Bodenbach*, 165 Idaho 577, 591, 448 P.3d 1005, 1019 (2019). The law of the case doctrine did not preclude Judge Judd from exercising independent sentencing discretion. Judge Judd recognized his discretion, acted within the bounds of the law, and reached a sentencing decision through reasoned analysis. The district court did not err in affirming that decision.

## V.    CONCLUSION

For the reasons above, the district court's decision affirming the magistrate court's sentencing decision on remand is affirmed.

Justices BRODY, MOELLER, ZAHN and MEYER concur.