**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36717**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 515 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 18, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROCKY JOE RINGLEMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. James C. Morfitt, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Mark J. Mimura, Canyon County Public Defender; James F. Wickham, Assistant Canyon County Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Rocky Joe Ringleman appeals from the denial of his Idaho Criminal Rule 35 motion to correct an illegal sentence. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 1995, Ringleman pled guilty in Ada County to grand theft and was sentenced to a unified term of five years with two years determinate. The district court suspended the sentence and placed Ringleman on probation for a term of five years.

In February 1996, while on probation in Ada County, Ringleman pled guilty to two counts of grand theft in Canyon County. The district court sentenced him to a unified term of eight years with four years determinate on each count of grand theft, to be served concurrently. The district court further ordered that the sentences were to be served "consecutive to any other sentence."

In July 1996, Ringleman admitted to violating the terms of his Ada County probation and the Ada County District Court consequently revoked his probation and ordered execution of the original sentence. Ringleman filed an I.C.R. 35 motion, which the district court granted, and his Ada County sentence was reduced to a unified term of five years with one year determinate.[1]

In March 2009, Ringleman filed a pro se Rule 35 motion in Canyon County, claiming that the sentences entered in Canyon County in 1996 were illegal because, when ordered, they were set to run consecutively with a sentence that had not yet been imposed. The district court issued an order conditionally dismissing Ringleman's motion, and appointed counsel to assist him. Subsequently, the district court denied the motion because Ringleman had pled guilty and his sentence had been imposed in the Ada County case prior to being sentenced in the Canyon County case. Ringleman appeals.

## II.

## ANALYSIS

Ringleman claims that the Canyon County District Court erred when it denied his Rule 35 motion and that although the sentences were "legal when entered" they became illegal through their administration by the Idaho Department of Correction (IDOC). Ringleman also contends that a court may not order a sentence in one case to run consecutively to a suspended sentence of a prior, separate case.

Idaho Criminal Rule 35 is a narrow rule that allows a trial court to correct an illegal sentence at any time. *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009). Whether a sentence is illegal is a question of law that is freely reviewed by the Court on appeal. *Id.* An illegal sentence under Rule 35 is one in excess of a statutory provision or otherwise contrary to applicable law. *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003).

Ringleman's claim on appeal is that although his sentence was legal when imposed, it became illegal when administered by the IDOC. "The term 'illegal sentence' under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve

---

[1] In February 2004, Ringleman was charged with felony possession of a controlled substance and was sentenced in Canyon County to a unified term of seven years with one year determinate. He was also charged with burglary and malicious injury to property in December 2007, and was sentenced in Canyon County to a unified term of five years with one year determinate. His custodial status at the time of these offenses is unknown.

significant questions of fact or require an evidentiary hearing." *Clements*, 148 Idaho at 86, 218 P.3d at 1147. Ringleman has conceded that his sentence was legal when imposed (i.e., legal on the face of the record). Thus, his claim that the district court erred in dismissing his Rule 35 motion fails.

Ringleman also contends that a court may not order a sentence in one case to run consecutively to a suspended sentence of a prior, separate case. Here the Canyon County sentence was ordered to be served consecutively to the prior Ada County suspended sentence. The Idaho Supreme Court has resolved this issue in two cases, *State v. Calley*, 140 Idaho 663, 99 P.3d 616 (2004), and *State v. Cisneros-Gonzalez*, 141 Idaho 494, 112 P.3d 782 (2004). In these cases the issue was "whether the district court in [the second county] had the authority to impose a sentence of incarceration to be served separately from a sentence of incarceration that has been pronounced, but suspended, in [the first county]." *Calley*, 140 Idaho at 664, 99 P.3d at 617; *Cisneros-Gonzalez*, 141 Idaho at 495, 112 P.3d at 783. The Court found that the district court had the authority to impose a sentence to be served consecutively to a prior, suspended sentence. This authority to impose consecutive sentences comes from the common law.[2] *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977).

The Canyon County District Court sentenced Ringleman to a term of incarceration and ordered that his sentence be served "consecutive to any other sentence." As in *Cisneros-Gonzalez* and *Calley*, the district court was acting under its common law authority to order that Ringleman would serve his sentences consecutively rather than concurrently. Thus, the sentence imposed was legal, and the district court correctly denied Ringleman's Rule 35 motion to correct an illegal sentence.[3]

---

[2]    In both *Calley* and *Cisneros-Gonzalez* the claimants argued that I.C. § 18-308 precluded a district court sentence from running consecutively to a prior district court sentence, for which the claimant was on probation. In *Cisneros-Gonzalez* the court held that I.C. § 18-308 "has no application to this situation. By its terms, it only applies when a defendant 'is convicted of two (2) or more crimes before sentence has been pronounced upon him for either.' A sentence is pronounced when the judge announces it, even if the judge suspends execution of the judgment." *Cisneros-Gonzalez*, 141 Idaho at 496, 112 P.3d at 784. In this case, although later modified, Ringleman's Ada County sentence was pronounced July 20, 1995, over six months before he was sentenced in the Canyon County case. Therefore, by its terms I.C. § 18-308 does not apply.

[3]    If Ringleman believes that his legal sentences are being incorrectly administered by the IDOC, his remedy is to file a petition for a writ of habeas corpus, not a Rule 35 motion.

**III.**

**CONCLUSION**

Ringleman has failed to establish any error by the district court in denying his Rule 35 motion to correct an illegal sentence. Therefore the district court's order is affirmed.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**