**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46515**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 30, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RONALD DALE NOLD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and determinate life sentence for enticing a child through the use of the Internet, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kim A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Ronald Dale Nold appeals from the judgment of conviction for enticing a child through the use of the Internet and asserts the district court abused its discretion when it sentenced Nold to a determinate life sentence because neither the offense nor Nold's characteristics justify a fixed life sentence. Nold's judgment of conviction and sentence are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Posing as a young male, a detective placed an advertisement on Craigslist for "boy looking for dad-m4m." Nold responded to the advertisement and through the interaction, the detective represented to Nold that he was fifteen years-of-age. Nold continued to solicit sexual acts and the two agreed to meet. A surveillance and arrest team was awaiting Nold at the meeting place and upon Nold's arrival, he was arrested. Nold was charged by indictment with

1

enticing a child through the use of the internet, Idaho Code § 18-1509A. The State later amended the indictment to include an enhancement for being a repeat sex-offender.

Pursuant to an Idaho Criminal Rule 11 plea agreement, the State agreed to amend the repeat sex-offender enhancement to a persistent violator enhancement and Nold agreed to enter an *Alford*[1] plea to the underlying charge and to being a persistent violator. At the sentencing hearing, the State recommended the district court impose a life sentence, with twenty-five years determinate. Nold requested a seven-year sentence, with five years determinate. The district court imposed a determinate life sentence, finding that the risk of Nold reoffending was high and the protection of the community was of paramount importance. Nold appeals, contending the district court abused its discretion by imposing an excessive sentence as neither the nature of the offense nor Nold's characteristics justify the sentence.

## II.

### STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, this Court conducts an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

## III.

## ANALYSIS

Nold argues that the district court erred in imposing a fixed life sentence, as Nold's conduct in this case was not sufficiently egregious to justify the sentence imposed. Nold also argues that the district court erred by finding that Nold could never be safely returned to the community. The State argues the sentence is justified because Nold's history indicates he cannot or will not be rehabilitated, and thus cannot safely be returned to the community.

To impose a fixed life sentence "requires a high degree of certainty that the perpetrator could never be safely released back into society or that the nature of the offense requires that the individual spend the rest of his life behind bars." *State v. Cross*, 132 Idaho 667, 672, 978 P.2d 227, 232 (1999). Here, the district court found, with a high degree of certainty, that Nold could never be safely released back into society. The record supports this finding.

While Nold argues the district court erred in finding that Nold was not honest during the polygraph and that the polygraph indicated Nold was deceptive, we find no error in the district court's reliance on the polygraph to conclude Nold could not be safely returned to the community. The district court could conclude Nold was dishonest during the polygraph because when asked about his behaviors in the past ten years, "Nold denied soliciting minors using the internet. Nold reported he has communicated with minors on-line, but said he stopped once he realized they were underage." Nold's representation was not honest, because in this case, Nold specifically solicited sexual contact *after* the person identified himself as a minor.

The polygraph also revealed Nold's "significant reaction" to questions regarding sexual contact with minors in the last ten years. The district court equated "significant reaction" to deception. Even if it was error for the district court to equate "significant reaction" to deception, the court could conclude based on Nold's other statement, that Nold had been dishonest during the polygraph. Moreover, even if the district court's determination that Nold was dishonest during the polygraph was error, there was other evidence to support the district court's sentencing decision.

Nold was convicted in 1989 for two sex offenses. In 1992, Nold was convicted of three more sex offenses that occurred in 1986. Nold admitted to abusing dozens of victims during the time he was a guardian, a student teacher, a foster parent, a family friend, a coach, a substitute teacher, and a general acquaintance. Nold then participated in sex-offender treatment. Despite

five prior convictions, probation, and treatment, in the instant case, Nold set out to arrange another opportunity to sexually abuse a minor. Based on that history, the district court found, "there's every reason to believe that, in spite of [Nold's] convictions for sex crimes, [Nold's] behavior hasn't stopped." The district court's determination is supported by the record, and it was not error for the district court to consider the entirety of Nold's previous record and history.

The district court articulated and applied the four sentencing factors; then held that society would not be protected and Nold would not be deterred by a sentence that would provide parole eligibility, noting that protection of the public was the "paramount" reason for the fixed life sentence. The district court also noted that Nold was unlikely to be rehabilitated, given his prior convictions, the results of the polygraph, and Nold's willingness to continue his sexual abuse of minors, as evidenced by his behavior in this case. The district court's findings are supported by the record. The district court did not err in finding that Nold lacked the rehabilitative potential such that a fixed life sentence was the only way to protect the public.

## IV.
## CONCLUSION

The district court did not err in imposing a fixed life sentence. Nold's judgment of conviction and sentence are affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

4